CARRUTHERS, appellant, *v.* COMMISSIONERS OF MADISON COUNTY, respondent.

SHERIFF — *Fee for boarding prisoners.* — See *Lane* v. *Board Co. Com'rs Missoula Co. ante,* p. 473.

STATUTES — *Repeal — Reference to title.* — The Montana act of February, 1885 (Laws Fourteenth Sess. 106, 107), entitled "An act to amend

an act to regulate the fees of sheriffs for the board of prisoners, approved February 10, 1881," and providing "that the above-recited act be so amended as to read as follows," is valid, although the act intended to be amended is thus recited in the title only, and not in the body of the act.  The intent of the legislature plainly appearing, mere rules of statutory construction should not be permitted to defeat that intent.

*Appeal from First District, Madison County.*

J. E. CALLAWAY, for the appellant.

WADE, C. J.   This is an appeal from a judgment of the district court affirming an order of the board of commissioners of Madison county disallowing certain fees claimed by the appellant as sheriff of said county for the board of prisoners confined in the county jail.  The case is every way parallel to that of *Lane* v. *Board Co. Com'rs Missoula Co., ante,* p. 473.  The decision in that case is conclusive upon the questions presented by this appeal, and it is unnecessary to repeat the reasoning and arguments upon which that decision is based.

It has been said that the act of February 18, 1885, is an attempt to amend an act (that of February 10, 1881) which had been repealed for two years (by the act of March 7, 1883), and therefore that the act of 1885 undertook to amend a dead statute; that the legislature could not graft onto a dead act anything that could live, and hence that the act of 1885 has no vitality and is void.

We do not think this proposition can be maintained. The act of 1883 does not attempt to repeal the act of 1881. It simply takes some words out of that act and inserts others, making the act of 1881 to read as if it contained the words inserted by the act of 1883.  Section 1 of the act of 1883 provides "that the second paragraph of section 1 of an act entitled 'An act to regulate the fees of sheriffs for board of prisoners,' approved February 10, 1881, be amended so as to read as follows."  This does not repeal the section.  It simply takes certain words from it and puts

others in their places, leaving the section to stand as amended. It stands as a section of the act of 1881. It follows, therefore, that the act of 1885 did not attempt to amend a statute that had become lifeless by repeal.

If the foregoing is correct, the act of 1885 was properly entitled "An act to amend an act to regulate the fees of sheriffs for board of prisoners, approved February 10, 1881." But the act of 1885 is criticised because of its first section, which is as follows: "Section 1. That the above recited act be so amended as to read as follows." It is said that the title is no part of an act, and therefore this section is meaningless. If section 1 had read as follows: "That the act entitled 'An act to amend an act to regulate the fees of sheriffs for board of prisoners,' approved February 10, 1881, be so amended as to read as follows" — that is, if the section had recited the act proposed to be amended, instead of referring to the act as recited in the title,— it is not probable that any difference of opinion could have arisen as to the construction and meaning of the statute. It is apparent to every one except lawyers what the legislature intended. No one could fail to understand, by reading the act of 1885, that it was the intent of the legislature to reduce the fees for boarding prisoners confined in the county jails. Rules of statutory construction should not be applied to defeat the plain intention of the legislature as expressed in the statute. There is nothing in the act of 1885 which forbids giving effect to this intention. The mere fact that section 1 designates the act proposed to be amended by a reference to the title of the act, instead of reciting the act in the section itself, ought not to defeat the evident intention of the legislature.

The judgment is affirmed, with costs.

*Judgment affirmed.*

GALBRAITH, J., and BACH, J., concur.