STATE OF NEBRASKA, EX REL. WAHOO WATER WORKS
COMPANY, V. CITY OF WAHOO ET AL.

FILED JUNE 5, 1901. No. 11,577.

Commissioner's opinion, Department No. 1.

1. Cities and Villages: STATUTE CONSTITUTIONAL. Act of March 10,
   1885, to amend section 69 of act of March 1, 1879, as to cities
   and villages, not invalid because of that section's having been
   amended in 1881, a new section substituted and section 69 as
   enacted in 1879 repealed. The new section of 1881 took the place
   of the one repealed.

2. Silence of Journal. Act mentioned not invalidated because of
   silence of senate journal as to concurrency in a formal amend-
   ment by the house.

3. Mandamus: LEVY. City authorities not required by mandamus to
   levy tax for water supply in excess of limit on such tax existing
   at time of contract.

ERROR to the district court for Saunders county.
Tried below before HOLLENBECK, J. Affirmed.

Ira D. Marston and Frank Irvine, for plaintiff in error.

H. Gilkeson, G. W. Simpson and E. E. Good, contra.

HASTINGS, C.

May 16, 1889, the city of Wahoo adopted an ordinance
"to supply water to the city of Wahoo," and authorizing
plaintiff to construct, maintain and operate water-works
in the city. By section 3 the city agrees, in consideration
of benefits derived, to rent for twenty years forty-three
hydrants, at an annual rental of $46.50 for the first ten
years and $58 for the second ten years, after January 1,
1899, for each hydrant. The ordinance was accepted by
the plaintiff and the plant erected, and the rents paid for
some years—plaintiff says until 1898,—when the city
refused to levy the necessary taxes to pay in full, the
valuation of property in the city having fallen so low
that seven mills on the dollar would not pay the rental.

Plaintiff says that the deficiency in March, 1900, when application for mandamus was filed, was $2,939. The defendants admit the ordinance and its acceptance and building of the water-works, but deny the authority of the city council to contract in that way, and say that the city could not levy to exceed seven mills on the dollar for such purpose in any one year; that this has been done and the money paid to the relator. Defendant also claims that there was some modification of the contract by means of a settlement of an injunction case before it went into effect, but this is not insisted upon in the argument here. The trial court found for respondents and dismissed the application for mandamus, and the relator appeals.

The relator concedes that if the legislature has limited the authority of the city council to a levy of seven mills on the dollar yearly and this has been exhausted, then relator can ask no more. It is, however, insisted that there is no such limitation, and that the legislative acts of 1885 and 1887, which seek to establish it, are void because not constitutionally passed.

It is insisted that the act of March 10, 1885 (Session Laws, 1885, ch. 20), is void because it purports to be "An act to amend section (69) of an act entitled 'An act to provide for the organization, government, and powers of cities and villages,' approved March 1st, 1879." By chapter 23 of the Session Laws of 1881 this act was amended, and section 69, among others, changed and repealed "as then existing." It is insisted that this rendered it forever impossible to amend section 69 of the act of 1879, because it was thereafter repealed, and so non-existent. It would seem to us much more reasonable to hold that it was changed, rather than abolished. By the amendment a new section 69 had been substituted and the old one repealed, in accordance with the requirements of the constitution. The cases are numerous enough that a repealed and abolished act can not be amended. *State v. Benton*, 33 Nebr., 823. That an amended act can not

thereafter be further amended under its original title, we find no authority holding, and it seems to us that this objection is overruled as to this very act in *State v. City of Kearney*, 49 Nebr., 325, 332. It is urged that the latter case ignored *State v. Benton, supra,* but the two are clearly distinct. In *State v. Benton* the court was dealing with an attempt to amend a wholly abrogated statute. There was nothing to rest on. Here is something to rest on, and the question is whether or not the reference to it is sufficiently distinct. We see no reason to change the ruling in *State v. Kearney* as to this act.

It is next asserted that the act of March 10, 1885, was not constitutionally passed, because it was amended in the house by inserting a repealing clause, and this was not concurred in by the senate. The journals of the house and senate are appealed to in order to sustain this contention. It is not claimed that the senate journal shows a non-concurrence in this formal amendment. It is merely claimed that an inspection of the journal fails to show a concurrence, and this is sought to be helped out by a showing that the message of the house to the senate stating the passage of the act calls attention to no amendment. We think that this condition of things hardly calls for a reversal of the lower court's finding. The holding in *State v. Frank,* 61 Nebr., 679, is that the silence of the journal is not to be taken as conclusive that the act was not passed. The rehearing opinion rests that decision chiefly upon the doubtful and mutilated condition of the journal. *Hull v. Miller,* 4 Nebr., 503, dwells upon the distinction between mere silence of the journals and an affirmative showing that the constitution has not been complied with. The evidence in this case certainly shows a degree of carelessness in the journals that would amply justify the court in refusing to take their mere silence against the affirmative evidence of the signed and certified acts. As we understand the case, the upholding of this act of March 10, 1885, and its limitation of the water tax to five mills, disposes of the whole contention. This

being upheld, the avoiding of the amendment of 1887 fixing the limit at seven mills would only put the relator at a still further disadvantage. We, therefore, do not care to discuss the objections to the act of March 31, 1887, further than to say that the chief objection to it is that it purports only to amend the act of 1885, which is urged to be no law, and its amendment, therefore, void. As we have decided against the premise, the conclusion will have to go with it. The discussion as to the act of March 2, 1885, to amend subdivision 1, seems equally unnecessary, for the same reason. The amendment of March 10, if valid, would seem to supersede this, at least so far as the two conflict. It, therefore, in our view, becomes unnecessary to discuss the distinction which is sought to be drawn, by which the granting of powers to tax is germane to the section amended, but limiting such grant to cases where they are authorized by a vote of the people is not germane.

It remains to mention the contention of relator that the council was empowered to contract for water-works, and was by subdivision 2 of section 69 of the act of 1879, in all its forms and amendments, authorized to levy "any other tax or special assessment authorized by law," and, therefore, could and should make a special provision to meet this contract. We are not able to uphold this contention. Both the act of March 10, 1885, and that of March 31, 1887, expressly limit the tax that may be levied to pay on contract for water. This contract purports expressly to be one for the supply of water. That it is in the form of a rental of hydrants makes it none the less what it says it is,—an agreement to supply water. We apprehend that relator would expect scant attention if its claim was only that it furnished dry hydrants.

For the reasons above given we think the judgment of the trial court should be affirmed.

DAY and KIRPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.