[Criminal No. 224.   Filed March 30, 1906.]

[84 Pac. 1096.]

TERRITORY OF ARIZONA, Plaintiff and Appellant, v.
SACARIAS RUVAL, Defendant and Respondent.

1. STATUTES—REPEAL—AMENDMENT.—When an act of the legislature
amends a prior statute, repeating its provisions and adding thereto,
and concludes with a repeal of ''all acts and parts of acts in con-
flict with this act,'' the amended statute, in so far as it is con-
sistent with the amending act, is not repealed.

2. SAME—AMENDMENT.—When a statute is amended by an act provid-
ing that the original statute ''shall be amended so as to read as
follows,'' repeating the original and adding to it new provisions
not in conflict with the original provisions, the repeated provisions
are not a new enactment, but remain in force from the time of their
original enactment.

3. LARCENY—AMENDMENT OF STATUTE—THEFT OF GELDING.—An act
defined grand larceny as the larceny of property of a value ex-
ceeding fifty dollars, or when taken from the person, or of a horse,
mare, gelding, etc.   It was amended by repeating the former
provisions, and adding ''colt'' and ''bicycle'' to the enumeration.
*Held,* that the amended act was not repealed; that the larceny of
a gelding prior to the amending act could be prosecuted.

4. CRIMINAL LAW—FORMER JEOPARDY.—The erroneous granting of a
motion for defendant, after pleading not guilty without demurring,
to dismiss the indictment on the ground that the act defining the
offense had been repealed, is not a bar to further prosecution of
the offense.
     (Syllabus by the Court.)

APPEAL from a judgment of the District Court of the
Second Judicial District in and for the County of Graham.
Eugene A. Tucker, Judge.   Reversed.

Statement of facts:—
Sacarias Ruval was indicted for the larceny of a gelding.
The indictment was dismissed on the ground that the law
defining the offense had been repealed.   The territory has
appealed.   Reversed.

E. S. Clark, Attorney-General, and C. L. Rawlins, District
Attorney, for Appellant.

No appearance for Respondent.

NAVE, J.—This is a criminal case, in which an appeal is prosecuted by the territory, under authority of section 1038 of the Penal Code, which is as follows: "In all criminal actions the territory may appeal to the supreme court on questions of law alone, . . . provided that the supreme court shall not reverse a judgment in favor of a defendant which operates as a bar to future prosecutions for the offense." Ruval was indicted for grand larceny,—to wit, the larceny of a gelding,—alleged to have been committed June 21, 1904. To the indictment, without interposing a demurrer, defendant pleaded not guilty; but thereafter, before the case came on for trial, moved the court "to dismiss the charge against him and release him from custody on the ground that the law, under which he was charged with grand larceny, was, on the twenty-first day of February, 1905, repealed and that there was no law under which he could be prosecuted for the alleged offense of grand larceny." This motion was granted, and the defendant discharged.

Section 444 of the Penal Code of 1901 reads as follows: "Grand larceny is larceny committed in either of the following cases: (1) When the property taken is of value exceeding $50.00. (2) When the property is taken from the person of another."

By act No. 18 of the twenty-second legislative assembly, approved March 12, 1903, (Laws 1903, p. 24,) the legislature provided as follows:—

"Section 1. Paragraph 444 of the Penal Code of the territory of Arizona is hereby amended so as to read as follows: 'Sec. 444. Grand larceny is larceny committed in either of the following cases: (1) When the property taken is of the value exceeding $50.00. (2) When property is taken from the person of another. (3) When the property taken is a horse, mare, gelding, cow, steer, bull, calf, mule, jack, jenny, goat, sheep or hog, or any neat or horn cattle.'

"Sec. 2. All acts and parts of acts in conflict with the provisions of this act are hereby repealed."

By act No. 14 of the twenty-third legislative assembly, approved February 21, 1905, (Laws 1905, p. 15,) the legislature further provided as follows:—

"Section 1.   Paragraph 444 of the Penal Code of the territory of Arizona is hereby amended so as to read as follows: 'Sec. 444.   Grand larceny is larceny committed in either of the following cases: (1) When the property taken is of the value exceeding $50.00.   (2) When the property is taken from the person of another.   (3) When the property taken is a horse, mare, gelding, colt, cow, steer, bull, calf, mule, jack, jenny, goat, sheep or hog, or any neat or horn cattle.   (4) When property taken is a bicycle.'

"Sec. 2.   All acts and parts of acts in conflict with the provisions of this act are hereby repealed."

Thus it will be seen that prior to March 12, 1903, the larceny of a gelding was not necessarily grand larceny; but was made so by the act approved on that day.   That act was in force at the time when this offense is alleged to have been committed.   The question to be considered is whether act No. 14, *supra*, repealed act No. 18, *supra*, and whether thereby the authority of the territory to prosecute this alleged offender was lost.   It is to be observed that the repealing clauses of the two acts do not repeal prior legislation on the subject; that they repeal only "all acts and parts of acts in conflict" therewith.   Section 444 is unchanged by either act save by the addition thereto of classes of property the theft of which is constituted grand larceny.   It does not conflict with either act and, therefore, the repealing clause of neither repeals it. That section, as amended by act No. 18, *supra*, is repeated in act No. 14, *supra*.   Therefore, for the same reason, the repealing clause of act No. 14 does not repeal act No. 18.   *Holden* v. *State of Minnesota*, 137 U. S. 483, 11 Sup. Ct. 143, 34 L. Ed. 734.

Furthermore, "where an amendment is made by declaring that the original statute 'shall be amended so as to read as follows,' retaining part of the original statute and incorporating therein new provisions, the effect is not to repeal, and then re-enact, the part retained, but such part remains in force as from the time of the original enactment."   Black on Interpretation of Laws, sec. 133.   There has been no instant of time since March 12, 1903, when it was not grand larceny to steal a gelding; nor has there been a change in the penalty, in the mode of trial, nor in any other matter affecting one accused of that crime.   Therefore the defendant

IX Ariz.—27

cannot contend that the last amendment is as to him *ex post facto.*

The order dismissing the case was erroneous. It is not a bar to further prosecution of the offense. The order of the district court is reversed and the case is remanded for further proceedings.

KENT, C. J., SLOAN, J., DOAN, J., and CAMPBELL, J., concur.