## L. WEINZHEIMER *v.* C. D. LUFKIN.

### SUBMISSION UPON AGREED STATEMENT OF FACTS.

SUBMITTED JUNE 15, 1914.        DECIDED JUNE 24, 1914.

### ROBERTSON, C.J., WATSON AND QUARLES, JJ.

STATUTES—*effect of amendment—amendment of statute previously amended.*
Where a statute amends a prior act or section of a statute "so as to read as follows," making changes in or additions to the original enactment, and setting forth the law as so amended, those provisions of the original enactment which are retained are regarded as having been in force from the time of the original enactment and continued in operation by the amendatory statute, the omitted parts being repealed, and new provisions becoming operative as of the time when the amendatory act took effect. A second amendatory act need not purport to amend the first amendatory act, but will be effective if it refers to the original enactment only.

MORTGAGES—*foreclosure by sale—publication of notice.*
Under R. L. Sec. 2161, as amended by Act 108, Laws of 1911, it is sufficient to publish mortgage foreclosure notices in the English language only.

OPINION OF THE JUSTICES BY ROBERTSON, C.J.

This is a submission upon an agreed statement of facts by which it is shown that the plaintiff purchased certain parcels of land situate at Lahaina, county of Maui, at a public sale held in foreclosure of a certain mortgage executed by one Kahaulelio and his wife to the defendant, as trustee. The mortgage authorized the mortgagee, in the event of default on the part of the mortgagor, to "foreclose this mortgage by suit in equity, or sell the mortgaged property according to any one or more of the methods of foreclosure provided by the laws of the Territory of Hawaii, either separately or concurrently," and to "execute and deliver to the purchaser or purchasers thereof a good and sufficient deed or deeds" of conveyance. The deed from the defendant, trustee, to the plaintiff, reciting the foreclosure of the mortgage by virtue of the power of sale, and the payment of the consideration of $1260, contained a covenant on the part of the grantor that "at the sale and disposition of said properties, in all matters and things, said mortgage foreclosure and sale hereinabove referred to were conducted fairly, honestly, in accordance with law and the terms of the mortgage foreclosed." It is further shown that the mortgagee's notice of intention to foreclose the mortgage and sell the mortgaged property, though it was in proper form and published the number of times required by the statute, was published in the English language only. It is with reference to this last point that the controversy has arisen. The plaintiff claims that the statute requires that mortgage foreclosure notices be published in both the Hawaiian and English languages; that because in this case the notice was not given in both languages the statute was not complied with; that the deed given to him was not "a good and sufficient deed;" and that he is entitled, upon executing a conveyance to the defendant, which he offers to do, to recover from the defendant the amount of the purchase price.

Chapter 139 of the Revised Laws, relating to the foreclosure of mortgages, as enacted in 1905, included sections 2161 to

2165 which apply to foreclosure under power of sale. Section 2161 reads as follows:

"Sec. 2161. Notice of foreclosure; affidavit after sale. When a power of sale is contained in a mortgage, the mortgagee, or any person having his estate therein, or authorized by such power to act in the premises, may, upon a breach of the condition, give notice of his intention to foreclose such mortgage, by publication of such notice in the Hawaiian and English languages for a period of three consecutive weeks, before advertising the mortgaged property for sale; and also give such notices and do all such acts as are authorized or required by the power contained in the mortgage; and he shall within thirty days after selling the property in pursuance of the power, file a copy of the notice of sale and his affidavit setting forth his acts in the premises fully and particularly in the office of the registrar of conveyances, in Honolulu. The affidavit and copy of the notice shall be recorded by the registrar with a notice of reference thereto in the margin of the record of the mortgage deed if recorded in his office."

The section was amended by Act 59 of the Session Laws of 1907, entitled "An Act Relating to Foreclosure of Mortgages, Amending Section 2161 of the Revised Laws," and reading as follows:

"Section 2161. Notice of foreclosure; affidavit after sale. When a power of sale is contained in a mortgage, the mortgagee, or any person having his estate therein, or authorized by such power to act in the premises, may, upon a breach of the condition, give notice of his intention to foreclose such mortgage, by publication of such notice in the Hawaiian and English languages once in each of three successive weeks, the first publication to be not less than twenty-one days before the day of sale, in a newspaper published either in the county in which the mortgaged property lies or in Honolulu and having a circulation in such county; and also give such notices and do all such acts as are authorized or required by the power contained in the mortgage; and he shall within thirty days after selling the property in pursuance of the power, file a copy of the notice of sale and his affidavit setting forth his acts in the premises fully and particularly in the office of the registrar of convey-

ances, in Honolulu. The affidavit and copy of the notice shall be recorded by the registrar with a notice of reference thereto in the margin of the record of the mortgage deed if recorded in his office."

This was followed by the enactment of Act 108 of the Session Laws of 1911, entitled "An Act to Amend Section 2161 of the Revised Laws of Hawaii, Relating to Notices of Foreclosure of Mortgages Under Power of Sale," and reading as follows:

"Section 1. Section 2161 of the Revised Laws of Hawaii is hereby amended by striking out in the sixth line of said section the words 'the Hawaiian and,' and by substituting for the word 'languages,' in the same line the word 'language.' "

Counsel for the plaintiff contend that section 2161 was repealed by the act of 1907; that at the time of the passage of the act of 1911 "there was no longer any section 2161 of the Revised Laws;" that the act of 1911 "purported to amend and did amend no law standing as law on the statute books;" and that Act 59 of the Laws of 1907, being unamended, is in full effect, and it requires the publication of foreclosure notices in both the English and Hawaiian languages.

The fact that the act of 1911 provided merely for the striking out of a few words from the original enactment and the substitution of another word prompts the making of two preliminary observations. The act is not open to the objection which would lie against it in a jurisdiction having a constitutional provision to the effect that in amendatory statutes the act or section amended must be set out in full. On the other hand, the act, being in the form shown, is not complete in itself and cannot stand as an independent enactment. With reference to the act of 1907 the case at bar does not present the situation of a statute covering the whole ground of a subject in a manner inconsistent with and repugnant to the provisions of an earlier statute, and thus repealing the earlier act by implication. Where the whole ground is not covered by the later statute and there is only a partial repugnancy the repeal will

operate only *pro tanto* to the extent of the repugnancy. *United States* v. *Tynen,* 11 Wall. 88, 92; *Pana* v. *Bowler,* 107 U. S. 529, 538.

The title of the act of 1911 is free from objection, except as it is involved in the general question, and the intent of the legislature is perfectly clear; Is the contention of plaintiff's counsel sound? In support of the contention are cited cases which are to be found in the notes to 1 Lewis' Southerland Statutory Construction, Sec. 233; 36 Cyc. 1055; and 26 Am. & Eng. Enc. Law (2d ed.) 704. In Indiana, in a long line of cases, it has been held that a statute or section which has been once amended cannot again be the subject of amendment, but the section as amended must be amended, the theory being that the first amendatory act having set forth the statute as amended in full the original enactment was thereby repealed *in toto.* Though in *Sage* v. *State,* 127 Ind. 15, 23, the court cited with approval the case of *Alexander* v. *State,* 9 Ind. 337, where, referring to an act which amended a certain section of the Revised Statutes "to read as follows," the amended section being in the same words as the original with some addition, the court said "It is clear that this was not a repeal. It was not so designed. It was simply an amendment." The cases of *Louisville etc. R. Co.* v. *City of East St. Louis,* 134 Ill. 656, and *State* v. *Benton,* 33 Neb. 823, cited in plaintiff's brief, have been explained and their authority restricted in later cases in their respective jurisdictions. See *Melrose Park* v. *Dunnebecke,* 210 Ill. 422; *Patton* v. *People,* 229 Ill. 512; and *State* v. *City of Wahoo,* 62 Neb. 40.

We believe the view which will better carry out the intent of the legislature is that which is sustained by the weight of authority and of reason, namely, that where an act amends a prior act or section of a statute "so as to read as follows," making changes in or additions to the original enactment, and setting forth the law as so amended, those provisions of the original enactment which are retained are regarded as having been

in force from the time of the original enactment and continued in operation by the amendatory statute, the omitted parts being repealed and new provisions becoming operative as of the time when the amendatory act took effect. *McDougald* v. *N. Y. Life Ins. Co.* 146 Fed. 674, 678; *Estate of Prime,* 136 N. Y. 347, 353; *Carruthers* v. *Commissioners of Madison County,* 6 Mont. 482; *St. Paul etc. R. Co.* v. *Broulette,* 65 Minn. 367, 371; *Blake* v. *Brackett,* 47 Me. 28, 32; *Goodbar* v. *Memphis,* 113 Tenn. 20, 34; *Fitzgerald* v. *Lewis,* 164 Mass. 495; *Territory* v. *Ruval,* 9 Ariz. 415; *Fletcher* v. *Prather,* 102 Cal. 413, 418.   We hold, therefore, that section 2161 of the Revised Laws was not repealed by the amendatory act of 1907 but that that section continued to exist under its original number as amended.   From this it necessarily follows that the act of 1911 properly referred to the section by its original number and was effective to amend it a second time.   *People* v. *Pritchard,* 21 Mich. 235, 241;   *White* v. *Inebriates' Home,* 141 N. Y. 123, 127;   *Exp. Segars,* 32 Tex. Cr. 553, 556;   *Harper* v. *State* (Ala.) 19 So. 857;  *Columbia Wire Co.* v. *Boyce,* 104 Fed. 172;  *Minnesota etc. Improvement Co.* v. *Billings,* 111 Fed. 972, 978;  *State* v. *City of Wahoo, supra; Melrose Park* v. *Dunnebecke, supra.*   "The rule of law is that when a section of a statute is amended or displaced by a later substituted act, and still later an act is passed which in terms purports to amend the original section, referring to it by number, such last amendment applies to any intermediate amendment of or substitution for the original section; such intermediate amendment or substitute to be regarded as if it had always been a part of or in place of the original section."  *State* v. *Blake,* 241 Mo. 100, 105.

Since the enactment of Act 108 of the Laws of 1911 it has been sufficient to publish mortgage foreclosure notices in the English language only.   The mortgagee having complied with the statute in this respect his deed is held to be good and suffi-

cient, and the plaintiff is not entitled to recover the amount of the purchase price.

Judgment may be entered for the defendant with costs.

*Thompson, Wilder, Milverton & Lymer* and *B. S. Ulrich* for plaintiff.

*D. H. Case* and *E. Vincent* for defendant.