391 P.2d 598

**STATE of Arizona, Appellee,**

**v.**

**John Henry KING, Appellant.**

**No. 1357.**

Supreme Court of Arizona,

In Division.

April 23, 1964.

**46**

———◇———

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., Phoenix, for appellee.

Lester S. Hoyle, Phoenix, for appellant.

DON T. UDALL, Judge of the Superior Court (Retired).·

Appellant (hereinafter called defendant) was tried by a jury on September 18, 1962, and convicted of two counts of grand theft. The Court suspended imposition of sentence on both counts and placed defendant on probation September 27, 1962 for a period of three years, with the provision that defendant conduct himself as a law abiding citizen.

The record reveals that on March 7, 1963 the Court revoked the Order suspending imposition of sentence and probation and defendant was sentenced to serve two to three years in the State Penitentiary on the first count, and two to three years on the second count. The sentences were to run concurrently. The defendant appeals from the judgment and sentence of the lower court. The defendant contends that the sentence imposed is excessive.

Section 13–671, A.R.S. provides that grand theft shall be punishable by imprisonment in the state prison for not less than one year nor more than ten years. We have repeatedly held that the penalty upon conviction of a crime is, within the limits of statute, entirely within the discretion of the trial court and that it will not be modified unless it clearly appears that the sentence imposed is excessive, resulting in an abuse of discretion. State v. Maberry, 93 Ariz. 306, 380 P.2d 604; State v. Quintana, 92 Ariz. 308, 376 P.2d 773; State v. Castano, 89 Ariz. 231, 360 P.2d 479.

In the Maberry case, we held that a sentence of seven to nine years for grand theft, which carries a penalty of from one to ten years, imposed upon a defendant who had two prior felony convictions did not show that defendant was dealt with unjustly or that his own best interest—rehabilitation to a constructive life—was not taken into consideration when he was sentenced, and the Supreme Court would not invoke its discretionary power to modify sentence.

In the case at bar the record shows that defendant was convicted on two counts of grand theft, which criminal acts were committed ten days apart; that after he had been placed on probation and before sentence, he conducted himself unlawfully, was arrested and brought before the trial court who determined the terms of probation had been violated.

Under all the facts and circumstances brought out at the time of trial and sentencing, we hold that the trial court dealt justly with defendant and did not impose excessive punishment.

Accordingly the judgment and sentence of the trial court are affirmed.

LOCKWOOD, V. C. J., and JENNINGS, J., concur.