392 P.2d 30

The STATE of Arizona, Appellee,

v.

Robert E. VINEYARD, Appellant.

No. 1306.

Supreme Court of Arizona.

In Division.

May 6, 1964.

Robert W. Pickrell, Atty. Gen., Merton E. Marks, Asst. Atty. Gen., and Charles N. Ronan, County Atty., Maricopa County, for appellee.

Murray Miller, Phoenix, for appellant.

UDALL, Chief Justice.

This is an appeal by Robert E. Vineyard from a conviction of the crime of rape based upon his plea of guilty. The offense was committed on June 8, 1962, and an information filed in Superior Court of Maricopa County on June 21, 1962, charging defendant with rape, Count I, and lewd and lascivious acts, Count II. Defendant appeared with counsel September 13, 1962,

entered a plea of guilty to Count I and the Court dismissed Count II. On September 26, 1962, he was sentenced to from seven to fifteen years in the Arizona State Prison. He now appeals from the conviction and resultant sentence.

The statutes under which appellant was both charged and sentenced were amended by the Legislature, effective midnight of June 20, 1962. The information against him was filed in the Superior Court on June 21, 1962. Therefore, the commission of the crime was before the effective date of the amendment. However, the information was filed, his plea of guilty was entered and he was sentenced subsequent to the effective date of the amendment. The records indicate that both the charge in the information and the sentence were made under the statutes as they existed prior to the amendment. They read in pertinent part, as follows:

A.R.S. "§ 13-611. *Definition.*

"Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under any of the following circumstances:

"1. Where the female is under the age of eighteen years.

"2. * * *

"3. * * *

"4. * * *

"5. * * *

"6. * * *"

A.R.S. "§ 13-614. *Punishment.*

"Rape is punishable by imprisonment in the state prison for life, or for any term of years not less than five."

The first question to be determined is whether A.R.S. § 13-611 was amended or, as appellant alleges, repealed. Senate Bill 159, Chapter 52, Laws of 1962, Second Regular Session, was enacted into law, and reads in pertinent part as follows:

"CHAPTER 52

"Senate Bill No. 159

"AN ACT

"RELATING TO THE CRIME OF RAPE; PROVIDING DEGREES THEREOF; DEFINING THE SAME; PROVIDING PUNISHMENT THEREFOR, AND AMENDING SECTIONS 13-611 AND 13-614, ARIZONA REVISED STATUTES.

"Be it enacted by the Legislature of the State of Arizona:

"Section 1. Sec. 13-611, Arizona Revised Statutes, is amended to read:

"13-611. DEFINITION; DEGREES

"A. * * *

"1. * * *

"2. * * *

"3. * * *

"4. * * *

"5. * * *

"B. Rape in the second degree is an act of sexual intercourse with a female, not the wife of the perpetrator, under the age of eighteen years, under circumstances not amounting to rape in the first degree.

"Sec. 2. Sec. 13–614, Arizona Revised Statutes, is amended to read:

"13–614. PUNISHMENT

"A. Rape in the first degree is punishable by imprisonment in the state prison for life, or for any term of years not less than five.

"B. Rape in the second degree is punishable by imprisonment in the state prison for life or for any term of years in excess of one year, or by imprisonment in the county jail for not to exceed one year."

In a similar case, Territory v. Ruval, 9 Ariz. 415, 84 P. 1096, The Territorial Court stated, 9 Ariz. at page 417, 84 P. at page 1097:

"Furthermore, 'where an amendment is made by declaring that the original statute "shall be amended so as to read as follows," retaining part of the original statute and incorporating therein new provisions, the effect is not to repeal, and then re-enact, the part retained, but such part remains in force as from the time of the original enactment.' Black on Interpretation of Laws, § 133."

Comparing the original statute with the amended version reveals no changes as to the six courses of conduct specified as rape. The legislature merely set this particular form of rape apart from the other five for the obvious purpose of allowing a different penalty to be assessed for its violation. To accomplish this purpose they designated the other five forms as rape in the first degree, and intercourse with a female under the age of eighteen, as rape in the second degree.

■ The amendment did not change this crime from a felony to a misdemeanor. Under A.R.S. § 13–103, subsec. B. it remains a felony unless and until a court in its discretion imposes a sentence of imprisonment in the county jail for not to exceed one year. For all purposes a violation of this provision is a felony up to the judgment and sentencing. In Re Gutierrez, 82 Ariz. 21, 307 P.2d 914.

■ The mere fact that rape is now divided into degrees does not change in any way what was, and still is, prohibited. Rule 142 of the Rules of Criminal Procedure, 17 A.R.S., provides that an indictment or information for an offense which is divided into degrees need not specify the degree.

■ We believe the pronouncement of the law in Territory v. Ruval, supra, to be sound law and dispositive of the question regarding the amendment to A.R.S. § 13–611. The defendant was properly charged in the information.

■ The second question to be answered is appellant's assertion that the amendment repealed by implication A.R.S. § 13–614. He asserts that the penalty provided for so-called statutory rape was repealed and therefore cannot be applied after the effective date of Senate Bill 159. Any doubt as to whether the legislature intended to preserve the substance of the former statute when enacting the amendment is set at rest, and the theory of repeal by implication disposed of, by the general saving statutes, A.R.S. §§ 1–246 and 1–247, declaring the general policy of the state, that the repeal or alteration of any statute shall not have the effect of exempting from punishment a person who has offended against the altered or repealed law.[1] Appellant was properly sentenced under the law as it existed prior to the amendment.

This Court reached similar conclusions in State v. Johnson, 94 Ariz. 303, 383 P.2d 862, and in LaPorte v. State, 14 Ariz. 530, 132 P. 563.

■ Appellant's contention that the amendments were enacted in violation of the prohibition against ex post facto laws contained in Art. 1, § 10, Constitution of the United States, and A.R.S. Art. 2, § 25, Constitution of Arizona, is clearly without merit. There was no additional or increased penalty provided by the amendment for a crime committed prior to its enactment. As we concluded above, the law in effect at the time of the crime's commission was properly applicable.

■ Appellant also claims that the sentence violated the prohibition against cruel and unusual punishment set forth in Art. 2. § 15, Constitution of Arizona, and urges this Court to reduce the same under the authority vested by A.R.S. § 13–1717 subsec. B. Appellant's attack is not upon the constitutionality of the statute itself, but upon the penalty imposed. We have held that where the statute fixing punish-

[1]. "§ 1–246. *Penalty altered by subsequent law; effect.* When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for a breach of the law committed before the second took effect, but the offender shall be punished under the law in force when the offense was committed."

"§ 1–247. *Repeal of law and substitution of penalty; effect.* When by the provisions of a repealing statute a new penalty is substituted for an offense punishable under the law repealed, such repealing statute shall not exempt from punishment a person who has offended against the repealed law while it was in force, but in such case the rule prescribed in § 1–246 shall govern."

ment for an offense is not unconstitutional, a sentence within the statutory limits is not cruel and unusual. State v. Castano, 89 Ariz. 231, 233, 360 P.2d 479. Likewise, we have consistently held that the penalty upon conviction of a crime is, within the limits of statute, entirely within the sound discretion of the trial judge, and will not be modified unless it clearly appears that the sentence imposed is excessive, resulting in an abuse of discretion. State v. King, 96 Ariz. 45, 391 P.2d 598 (April 23, 1964); State v. Maberry, 93 Ariz. 306, 380 P.2d 604; State v. Quintana, 92 Ariz. 308, 376 P.2d 773; State v. Castano, supra.

The record indicates appellant was nineteen years of age at the time he committed this crime upon a victim who was only thirteen. His cooperation by entering a plea of guilty, while meritorious, certainly does not absolve him from the consequences of his conduct. Neither does the fact that he was a first offender require the imposition of a minimum sentence. State v. Castano, supra.

We find nothing in the record indicating an abuse of discretion on the part of the trial judge in imposing sentence.

Judgment affirmed.

LOCKWOOD, V. C. J., and JENNINGS, J., concur.