448 P.2d 65

**STATE of Arizona, Appellee,**

v.

**Billie Gene WILLIAMSON, Appellant.**

**No. 1606.**

Supreme Court of Arizona.

In Banc.

Dec. 13, 1968.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, then Atty. Gen., Carl Waag, Asst. Atty. Gen., for appellee.

Sydney Block, Scottsdale, for appellant.

McFARLAND, Chief Justice:

Billie G. Williamson, hereinafter referred to as defendant, was charged with and entered a plea of guilty to Assault with Intent to Commit Rape, in violation of A.R.S. § 13–252 (with a prior conviction), and was sentenced to serve a term of not less than ten nor more than twelve years in the Arizona State Penitentiary. From the judgment and sentence of the court he appeals.

Defendant in his brief states that he and one Robert Spires made arrangements to meet with the victim, a minor girl of the age of thirteen. After drinking some beer

they drove out into the desert. Once in the desert, Spires and defendant got into an argument concerning the intentions of defendant toward the girl. They scuffled, and Spires was knocked unconscious.

Defendant then slapped the girl, and made her remove her slacks and panties. Just what else happened is not clear. He then decided that he would have more room in the bed of the pick-up truck, and told the girl to get out of the cab and get into the back. The girl stepped out of the truck and broke away. However, it was dark, and she ran into a barbed-wire fence, as did defendant who was chasing her. She then escaped into the brush, and later made her way to the Tempe Community Hospital where her wounds were treated. As a result thereof, defendant was originally charged, by an information, with four counts: Count I—Aggravated Assault, contrary to § 13-245, subsec. A, par. 3, as amended 1962 (with prior conviction). Count II—Assault with Intent to Commit Rape, contrary to § 13-252, A.R.S. (with prior conviction). Count III—Kidnapping with Intent to Commit Rape, in violation of § 13-492, subsec. B (with prior conviction). Count IV—Kidnapping with Intent to Commit Rape Resulting in Serious Bodily Harm, in violation of § 13-492, subsec. B and par. 1 of subsec. C (with prior conviction). Count IV alleged a complaint and sentence carrying a possible sentence of death or life imprisonment without possibility of parole. Defendant pleaded "not guilty" to all four, and also denied any prior convictions. Later, the information was amended to include only Count II of the original information—the crime of "assault with intent to commit rape" with a prior conviction. The accused then changed his "not guilty" plea and entered a plea of "guilty" to the amended information.

Our first issue concerns the procedure used at the pre-sentencing hearing at which time defendant was sentenced under the plea of "guilty." Defense counsel contends that a fundamental procedural error occurred which violated Rule of Criminal Procedure No. 180, 17 A.R.S. The first sentence of the rule provides that:

> "When a defendant who is charged in the indictment or information with a previous conviction pleads either guilty or not guilty of the offense with which he is charged, *he shall be asked* whether he has been previously convicted. * * *" (Emphasis added.)

Defendant claims that Rule 180 [1] was not complied with in the lower court, in that he was not asked whether he had been previously convicted, and therefore the case must be remanded. Rule 180 provides that the question shall be asked and the answer to that question shall be entered by the clerk in the minutes. In searching the record of the pre-sentencing hearing, we are unable to find the question or the answer. We find only that after the court read the charge of "assault with intent to commit rape, with a prior conviction" the judge then asked defendant if he understood the nature of the charge which was made against him. He replied in the affirmative. Thus, it could be argued that

---

1. Rule 180. Plea to allegation of prior conviction; effect of plea
   When a defendant who is charged in the indictment or information with a previous conviction pleads either guilty or not guilty of the offense with which he is charged, he shall be asked whether he has been previously convicted. If he answers that he has, his answer shall be entered by the clerk in the minutes of the court, and shall, unless withdrawn by consent of the court, be conclusive of the previous conviction in all subsequent proceedings. If he answers that he has not, his answer shall be entered by the clerk in the minutes of the court, and the question whether or not he has been previously convicted shall be tried by the jury which tries the issue upon the plea of not guilty, or in case of a plea of guilty, by the jury empaneled for that purpose. The refusal of the defendant to answer is equivalent to a denial that he has been previously convicted. If the defendant pleads not guilty and answers that he has been previously convicted, the charge of the previous conviction shall not be read to the jury, nor alluded to on the trial.

by stating that he knew the nature of the charge, defendant was tacitly admitting to the prior conviction which was included in that charge. Such an argument is not advanced by the State. The State even goes as far as to declare that it is legally sufficient that the amended information include the detailed charge of the prior conviction.

The State does not claim that there was a compliance with Rule 180. We conclude from an examination of the record that the trial court failed to ask defendant whether there had been a previous conviction; hence, there was no compliance with Rule 180.

In Montgomery v. Eyman, 96 Ariz. 55, 391 P.2d 915, this Court held that under A.C.A. § 44–1004 the trial court "was required to give appellant an opportunity to acknowledge or deny the previous conviction." This section is almost identical to Rule 180. Rule 180 states "he [defendant] shall be asked whether he has been previously convicted." A.C.A. § 44–1004 stated defendant "must be asked." In either case the question is mandatory. Rule 180 goes on to say, as does A.C.A. § 44–1004, that:

> "If he answers that he has, his answer shall be entered by the clerk in the minutes of the court, and shall, unless withdrawn by consent of the court, be conclusive of the previous conviction in all subsequent proceedings. * * *"

■ The questions provided for in Rule 180 were mandatory upon the court. The State contends, however, that because the sentence was within the statutory limits of the charge without a prior conviction the sentence should stand. [See Note ² below.] Therefore, we proceed to determine whether the non-compliance with the Rule was prejudicial to defendant. A.R.S. § 13–1649, subsec. A is the statute under which defendant's punishment can be in-

creased because of his prior conviction. It states:

> "A. A person who, having been previously convicted for * * * any offense punishable by imprisonment in the state prison, commits any crime after such conviction, shall be punished upon conviction of such subsequent offense as follows:
>
> "1. If for an offense punishable for a first conviction by imprisonment for a term exceeding five years, by imprisonment in the state prison for not less than ten years."

In Valdez v. State, 49 Ariz. 115, 65 P.2d 29, the Arizona Supreme Court held that the phrase "any term exceeding five years" refers to the maximum sentence.

A.R.S. § 13–252, in prescribing punishment for "assault with intent to commit rape" sets punishment from one to fourteen years. Therefore, A.R.S. § 13–1649, subsec. A, par. 1, is applicable.

Defendant Williamson was charged with a prior conviction of a crime punishable by imprisonment in the State Prison. That crime was "rape." Under § 13–252, A.R.S., the court without a prior conviction could prescribe anywhere from one to fourteen years, but when sentencing with a prior conviction the mandate of A.R.S. § 13–1649, subsec. A, par. 1, dictates that the fewest years defendant shall serve is ten. The trial court sentenced Williamson from ten to twelve years.

■ The State cites as its authority for not disturbing the sentence the case of State v. Valenzuela, 101 Ariz. 230, 418 P.2d 386; and State v. Fierro, 101 Ariz. 118, 416 P.2d 551. It is true that in both cases we held that where a sentence imposed upon a defendant is within statutory limits we would not upset the same on appeal where the court did not abuse its discretion. However, in neither of those cases was there a charge of prior conviction, or the question of whether Rule 180

---

2. Cases. State v. Gastelum, 98 Ariz. 292, 404 P.2d 88; State v. King, 96 Ariz. 45, 391 P.2d 598; State v. Caldera, 94 Ariz. 324, 385 P.2d 207; State v. Maberry, 93 Ariz. 306, 380 P.2d 604; and State v. Quintana, 92 Ariz. 308, 376 P.2d 773.

**12**

had been followed. Hence, the facts were different from those of the instant case. Defendant contends the charge of prior conviction caused the court to give a longer sentence even though the sentence was within the statutory limits. This Court should not speculate upon the reason for the length of a sentence which is based upon a plea of guilty with a prior conviction, where Rule 180 is not complied with. The sentence in the instant case was within the limits provided for both in the Assault with Intent to Commit Rape without a prior conviction and With Intent to Commit Rape with a Prior Conviction. There is no way to determine whether the court took into consideration the prior conviction—particularly when it fixed the minimum which could be fixed under plea of guilty of assault with intent to commit rape with a prior conviction, as provided in A.R.S. § 13–1649, subsec. A, par. 1.

█ The defendant next contends that because there were four counts filed against him he was coerced into entering his plea of guilty to Count II. The only basis for this contention was that the four counts were filed. This, under the record, is insufficient to show coercion. He speaks of the charge of kidnapping with intent to commit rape resulting in serious bodily harm, with the possible death penalty or life imprisonment with no possibility of parole. The record shows that defendant was represented by counsel, and his attorney was present in court and represented him at the time he changed his plea of "not guilty" to "guilty" on Count II. The filing of these charges did not of itself amount to coercion. This falls within what is known as "plea bargaining." This Court has upheld the bargaining for pleas between defendant and the county attorney, where the rights of a defendant are protected. State v. Jennings, [1968], 104 Ariz. 3, 448 P.2d 59; State v. Maberry, 93 Ariz. 306, 380 P.2d 604.

██ We find no evidence in this case to show defendant was dealt with unjustly, or that the mere filing of the charges amounted to coercion for the entering of the plea. As we have previously stated, a defendant has the right to bargain with the county attorney and seek the mercy of the court. The record does not show that the defendant in the instant case was dealt with injuriously. The judgment on the plea of guilty to the charge of Assault with Intent to Commit Rape in violation of § 13–252 is affirmed. The sentence is set aside, and the case is remanded to the Superior Court for the determination of the prior conviction in compliance with Rule 180, and then for re-sentencing.

UDALL, V. C. J., and STRUCKMEYER, BERNSTEIN and LOCKWOOD, JJ., concur.