461 P.2d 81

**STATE of Arizona, Appellee,**

v.

**Tom Henry PEOPLES, Jr., Appellant.**

**No. 1932.**

Supreme Court of Arizona.

In Banc.

Nov. 19, 1969.

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., for appellee.

Ross P. Lee, Acting Public Defender, Anne Kappes, Deputy Public Defender, for appellant.

McFARLAND, Justice:

Tom Henry Peoples, Jr., hereinafter referred to as defendant, entered a plea of guilty to the crime of burglary, first degree, a felony, and was sentenced to a term of not less than eight nor more than ten years. From the judgment and sentence of the court he appeals.

An information was filed in the Superior Court of Maricopa County on February 28, 1968, charging the defendant with burglary, first degree, with prior conviction, a felony. The defendant was arraigned on the 7th day of March 1968, at which time he entered a plea of not guilty of the crime of burglary, denied the prior conviction, and waived the 60-day limitation for trial. The court set the case down for trial on May 9, 1968. He was tried on May 20, 1968, at which time he withdrew his former plea of not guilty and entered a plea of guilty of first-degree burglary.

He makes two assignments of error. (1) The refusal of the court to grant him a continuance for the purpose of obtaining private counsel; and (2) He contends that the sentence imposed by the court was arbitrary and an abuse of its discretion, in that "the court did not comply with the usual sentencing procedure regarding investigation before pronouncing sentence."

The record shows that the defendant was represented by private counsel at the preliminary hearing and at his arraignment on the 7th day of March 1968, at which time the counsel moved the court for an order permitting him to withdraw as counsel, which was granted. The court thereupon appointed the Public Defender to represent the defendant. The record does not show why the case was not tried on May 9, 1968, the date for which it was originally set for trial, but that it came on regularly for trial on May 20, 1968. At that time the defendant was represented by a deputy public defender. The court then asked the defendant if he were ready to proceed. The deputy public defender stated that he was ready, but the defendant wanted to make a motion of his own. Then the defendant made the following motion:

"I would like to have the case postponed to get another attorney to represent me in this matter. I don't feel that it would be right, you know, work put on enough for it." [sic]

The defendant thereafter stated that he did not know he was going to trial on Monday until the Friday before. The court stated that defendant knew he was going to trial for days or weeks. The defendant then stated he did not know which day, not denying that he had notice that the case was set for May 9th. Then he stated to the court that "ten days" had been said. The colloquy would indicate that he did not know exactly which day would be fixed for trial after the original trial date. Under this state of facts the court denied the motion.

Thereafter, the defendant's attorney stated that he would like to plead guilty to burglary without the "prior." This procedure was agreed to by the county attorney. The court then very meticulously advised the defendant of the consequences of his plea, and, by questioning of the defendant personally, determined that he understood his plea—that he had consulted his attorney in regard to the plea, and understood that under such a plea the court could sentence the defendant to serve in the penitentiary a maximum of fifteen years. The defendant also stated that the entry of the plea was not based upon any promise or threats, and that none had been made.

The court asked the defendant if he knew that the only reason a person should ever plead guilty to an offense was that, as a matter of fact, he did commit the offense, to which the defendant responded that he did. Then, in answer to a question, he stated that he did in fact commit the offense. This procedure was in full compliance with the standards for safeguards of constitutional rights as held by this Court in State v. Jennings, 104 Ariz. 3, 448 P.2d 59.

The record further shows that the court first set the date of the 5th of June for the date of sentence, but then expressed its willingness to move it up to the 29th, because the defendant was incarcerated. The defendant then stated that he was on bond in that case, and that, although he was serving a 6-months sentence on another case, he would "like to have the 5th and see what my wife can do." The court granted his request, and set the date of the sentence for the 5th day of June at 1:30 p. m., stating that his probation officer was in the building, and that it would get in touch with the officer, as the defendant was confined. Rule 241, Rules of Crim.Proc., 17 A.R.S., provides:

"Power of court to grant continuance

"The court on the application of either party or on its own motion may in its discretion for good cause grant a continuance."

In State v. Wallace, 98 Ariz. 243, 403 P.2d 550, this Court held:

"The disposition of a request for a continuance is a matter that is left to the sound discretion of the trial judge. State v. Coey, 82 Ariz. 133, 309 P.2d 260 (1957); See Criminal Rules 241 et seq., 17 A.R.S. We find no facts in the record to support the contention that the court abused its discretion in not granting defendant a continuance."

■ The record here further shows that the defendant on the 11th day of June 1968 filed his affidavit *"in forma pauperis,"* stating that he was unable to pay for the record on appeal and for the services of an attorney to represent him on appeal. It is therefore evident that had there been a continuance he would have been unable to secure counsel other than the Public Defender's Office, nor does he state in any place that his representation was not adequate. Under the facts of the instant case, we hold that the court did not abuse its discretion in denying the defendant's motion for a continuance.

■ The second contention that the court did not make an adequate investigation before the sentence is likewise not supported by the record. As we have pointed out, the court told the defendant it would have the probation officer get in touch with him. The statement of facts submitted by the county attorney and the judge of the superior court show that an adequate investigation was made as to the history and background of the defendant before sentence was made. The report stated that the defendant had been convicted of two previous felonies, and attached thereto was a copy of an F.B.I. record. The record does not substantiate the statement that the court "apparently was not aware of the range of sentence permissible." Defendant's contention would require a finding that the court abused its discretion in determining the sentence. We find nothing to indicate an abuse of discretion. State

v. Bradley, 99 Ariz. 328, 409 P.2d 35; and State v. Vineyard, 96 Ariz. 76, 392 P.2d 30.

Judgment affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and HAYS, JJ., concur.