478 P.2d 102

**STATE of Arizona, Appellee,**

v.

**Clarence Lee KING, Appellant.**

No. 1583–2.

Supreme Court of Arizona,
In Division.

Dec. 24, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

UDALL, Justice.

This matter is before us on a delayed appeal. The appellant-defendant was convicted in 1964 in the Superior Court of Maricopa County of the crime of assault with a deadly weapon, with a prior conviction. He was sentenced to a term in the state penitentiary of not less than twelve years nor more than fifteen years. The defendant was convicted of assaulting, with a 6-inch knife, a doorman at a Phoenix night club.

The case was initially submitted to this Court on appeal for an examination for fundamental error, after defense counsel submitted a statement that he had searched the record and had been unable to find any

ground for appeal. The judgment was affirmed. 99 Ariz. 145, 407 P.2d 101 (1965).

Thereafter, on December 18, 1969, the defendant filed a petition for a writ of habeas corpus with this Court. The essence of the petition was that the defendant had been denied the effective assistance of counsel under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The petition for habeas corpus was denied, but because of the allegations contained in the petition it was treated as a motion for a delayed appeal, which motion was granted.

■ The first question raised by the defendant in this appeal has to do with the ruling on the part of the trial court after the defendant was convicted by the jury at the original trial. The statute under which the defendant was charged provided upon conviction a maximum sentence of ten years. It is the contention of the defendant that any sentence in excess of ten years is void unless the increased sentence was proper as punishment after a prior conviction under A.R.S. § 13–1649. See State v. Williamson, 104 Ariz. 9, 448 P.2d 65 (1968).

At the time of defendant's conviction herein, the trial court conducted a hearing to determine if the defendant had any previous felony conviction, which, if proven, would authorize the Court to increase the length of the sentence that might be imposed. A.R.S. § 13–1649. It is defendant's position that at the hearing he denied a prior conviction, and that the state was then required to prove the prior conviction to the jury pursuant to Criminal Rule 180, 17 A.R.S. See State v. Williamson, supra.

The record shows that after the jury returned a verdict of guilty in the instant case the Court asked the defendant whether he had been convicted in 1956 of the crime of grand theft. The record shows that the following exchange took place after an off-the-record discussion at the bench.

The Court: "Now, Mr. King, let me get this one thing straight: "Do you admit that this statement is a correct statement, namely that you were adjudged guilty of grand theft on April 30, 1956?

The Defendant: "No; that is the truth.

The Court: "That is correct. All right.

The Defendant: "But the judge was also gone for three months.

The Court: "But at this time you say you feel that it is not, as a matter of law —you feel that this is what you say double jeopardy; and therefore, even though you admit it is a true statement, you say that the Court can not consider it, is that right?

The Defendant: "I said that the Court don't have no right to give me ten years for that which I did already spend time for in the State Pen, and that ten I get on the assault, making it fifteen years. I don't think that it is, that's right.

The Court: "Let the record show Mr. King admits the prior conviction without waiving legal defenses and argument in relation thereto."

It is apparent from the entire colloquy that even though the first answer of the defendant: "No; that is the truth", is ambiguous, the rest of the testimony shows that the defendant did admit that he had been convicted. Rather than denying the conviction, he was merely arguing that he had already paid the debt for that conviction by the time spent in the State Penitentiary and that he didn't think he should receive additional punishment for the crime he committed in 1956. Defendant's counsel was present and offered no objection to the judge's acceptance of the admission. This is not a case like State v. Williamson, supra, where the judge did not even ask the defendant whether he had been previously convicted.

It is clear from the entire proceedings that the defendant did admit his previous

conviction and that therefore the punishment inflicted under the judgment of the Court was well within the range provided by law.

The second question presented by the defendant is whether the trial judge improperly admitted hearsay evidence.

During the direct examination of the complaining witness, William Lott, the County Attorney asked the witness to "tell us now what happened, sir." Lott responded that the defendant "came in (to the dance hall) and the owner said that he (the defendant) was trying to get in without paying, and he told me * * *." At this point defense counsel raised an objection. The Court made inquiry as to whether the statements were made in the presence of the defendant and was informed by the witness Lott that said statement was made in the presence of the defendant, after which the Court permitted the evidence given by Lott to remain in the record. The witness then testified that the owner instructed him to ask the defendant to leave.

■■■■ Counsel for the state properly recognizes that an out-of-court statement made in the presence of defendant is no less hearsay than a statement made outside his presence. The presence of defendant is an erroneous test of hearsay. See Udall, Arizona Law of Evidence, § 171, (1960). Nevertheless we cannot agree with defendant that the witness' testimony herein constituted inadmissible hearsay. The testimony was offered, not to prove that the defendant did in fact enter the club without paying, but merely to show the state of mind or motive of the witness in acting to prevent the defendant from entering. The instant situation is one in which, as Udall states, "the value of the evidence . . . does not depend on the truth of the words, but is relevant to prove the knowledge, motive, or reasonableness of conduct *of the person receiving the communication.*" Udall, Arizona Law of Evidence, § 173.

The third question raised on this appeal is whether defendant was denied the effective assistance of counsel. Defendant contends that defendant's counsel at trial was aware of the existence of a witness to the incident, and that said witness could have testified that the defendant's actions were in self-defense. Defendant now maintains that the failure of defendant's trial counsel to call that witness constituted inadequate representation.

In support of this theory, defendant relies upon the affidavit of said witness, one David Sheppard. The affidavit was signed in 1965 nearly a year after the trial. Sheppard indicated in the affidavit that he was near the dance hall at approximately 1 a. m. when the incident occurred. He related that he (Sheppard) was about to start a fight with some college boys outside the bar and had returned to his car to get his gun. He further stated that when he returned with the gun he saw the defendant "attacked" by the guard and a fight ensue. The affidavit stated that Sheppard did not see any knife or blood during the fight, but he did notice blood on the guard after the fight was broken up.

■■■■ Even assuming that Sheppard was willing to testify at the 1964 trial that he saw the guard attack the defendant, we are unable to hold that counsel's failure to call him as a witness constituted a denial of adequate representation. The affidavit makes it clear that the witness himself was armed with a gun and intended to create a disturbance. The overall credibility and impact of such a witness on the jury is certainly questionable. The affidavit does not indicate from what vantage Sheppard witnessed the event; the incident occurred during the hours of darkness. The decision to call such a witness is one of trial strategy which should be left to the discretion of trial counsel. See State v. Bustamante, 103 Ariz. 551, 555, 447 P.2d 243 (1968). In addition, we note that defendant does not point to any other portions of the record in support of his claim of inade-

quate representation. This court has carefully reviewed the transcript herein and believes the record reflects that defendant was afforded fully adequate representation.

 The final issue raised by defendant is that the testimony of the complaining witness, Lott, describing the nature and size of the stab wound was immaterial and designed to inflame the minds of the jury. Defendant claims that the victim should not have been permitted to testify that he had been confined to the hospital for nine days and that he had not fully recovered from the wounds.

From our examination of the transcript, the testimony in question appears to be brief, to the point and not inflammatory. No gory pictures or even detailed description of the wounds were introduced. Defendant was charged with the crime of A. R.S. § 13–249, relating to "assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury." Defendant now argues that the only material issue was whether he "attempted" to commit bodily injury and the fact that he succeeded in doing so is immaterial. We cannot agree with such a contention under the circumstances here presented. Certainly the injuries resulting from the defendant's use of the knife were pertinent to the state's showing that it was a deadly weapon. Even though the State was not required to prove that the defendant did in fact inflict serious injury, such a showing was so connected with the assault as to form a part of the entire occurrence. See State v. Villavicencio, 95 Ariz. 199, 388 P.2d 245 (1964).

The introduction of such evidence here was not reversible error.

The judgment of the Superior Court is affirmed.

LOCKWOOD, C. J., and STRUCK-MEYER, V. C. J., concur.