489 P.2d 8

**STATE of Arizona, Appellee,**

v.

**Steven David JACKSON, Appellant.**

**No. 2161.**

Supreme Court of Arizona,
In Banc.

Sept. 30, 1971.

Rehearing Denied Oct. 27, 1971.

372

Gary K. Nelson, Atty. Gen., by Carl Waag, former Asst. Atty. Gen., Phoenix, for appellee.

Andrew Silverman, Supervising Atty., and Ronald R. List, Legal Intern, Tucson, for appellant.

UDALL, Justice:

The facts pertaining to this case are, briefly, as follows:

The defendant, with a co-defendant, was originally convicted on March 31st, 1962, for first degree murder and robbery, and the jury fixed the punishment at death.

On April 9, 1962, the Court sentenced the defendant to death on the murder conviction and he was not given a sentence on the robbery conviction. On appeal to this Court, the conviction and sentence were affirmed. State v. Goodyear, 98 Ariz. 304, 404 P.2d 397 (1965). Thereafter, the defendant moved for a rehearing, which was granted, and the initial conviction was reversed by this Court and the case was remanded for a new trial. State v. Goodyear, 100 Ariz. 244, 413 P.2d 566 (1966).

Upon remand, the defendant pled guilty to second degree murder and robbery, and was sentenced for second degree murder to a term of not less than twenty-five years nor more than life, to date from May 7th, 1966 the date of the sentencing. On the robbery conviction the defendant was given a suspended sentence for a period of five years on the condition that he conduct himself as a law-abiding citizen.

On February 2, 1968, the trial court held a hearing on a motion by the defendant and his co-defendant for an order nunc pro tunc, to amend the commencement date of the second degree murder sentence in order to give him credit for the time spent in prison after the death sentence was imposed. The motion was denied. Later, the defendant filed a petition for a writ of habeas corpus to this Court requesting credit on his sentence for second degree murder. The petition was denied on November 18, 1969. Thereafter the defendant filed a petition for a writ of habeas corpus in the United States District Court for the District of Arizona, and on February 13th the Honorable C. A. Muecke, District Court Judge, entered an order directing that the defendant be granted a writ of habeas corpus unless the State, within sixty days of that order, resentenced appellant in accordance with Simpson v. Rice, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

The Attorney General of Arizona then petitioned this Court to remand the case to the Superior Court of Santa Cruz County, in order that the defendant could be resentenced in accordance with the order of the United States District Court. The petition was granted and the case was remanded to the trial court. On April 6, 1970 the defendant was resentenced by the Superior Court of Santa Cruz County for the crime of second degree murder, for a term of not less than 29 years nor more than life, to date from April 9th, 1962.

The trial court further made an order revoking the defendant's suspended robbery sentence and imposed a sentence for robbery of not less than four years and one month, and not more than four years and one month and one day, to date from April 1st, 1962. Thereafter, the defendant filed a motion for release in the United States District Court, alleging that the trial court had not complied with the order from the Federal Court to resentence the defendant for second degree murder in accordance with Simpson v. Rice, supra.

The United States District Court, on June 22nd, 1970, denied the motion and made an order vacating its previous order of February 13, 1970, on the grounds that the 1968 minute entry of the nunc pro tunc hearing had not been brought to the attention of the District Court. That entry indicated that Judge Farley of the trial court, in imposing the 25-year sentence in 1966, had, in fact, taken into account the time appellant had spent on death row, under the first degree murder conviction. From Judge Muecke's order, the defendant did not move for a rehearing of the vacation of his order, nor was an appeal taken therefrom.

The questions presented on appeal are:

I Did the appellant receive credit on his sentence for second degree murder —for the four years and one month he served under his previously invalidated conviction for the same act? and

II Was the revocation of the appellant's suspended sentence for robbery improper retaliatory action in contravention of existing constitutional principles?

█ It is the contention of the defendant that when the final sentence was imposed upon him on April 6, 1970, he did not receive credit for the four years and one month he had served under his first sentence which was imposed on April 9, 1962. We do not agree with this conclusion.

It appears in the record that when the first sentence for second degree murder was imposed on May 7, 1966, the Court announced from the bench that:

"Whereas the Court—in passing sentence —took into account the time spent in prison by the defendant, pending his appeal in the first case."

The United States District Court verified this assertion by the trial court on June 22nd, 1970, when it denied the motion made by the defendant to be released on the grounds that the trial court had not complied with the terms of Simpson v. Rice, supra. The United States District Court vacated its previous order of Febru-

ary 13, 1970, on the grounds that it had not been brought to its attention that the trial court, in imposing sentence, had taken into consideration the time that appellant had spent on death row under the first degree murder conviction.

When the case was again remanded to the Superior Court, by this Court, for resentencing, the Court again asserted in open court

"that at the time I imposed sentence on Mr. Jackson, I took into account the fact that he had been waiting the death penalty over four years."

An analysis of the facts clearly shows that the sentence given on May 7, 1966, for second degree murder, which was later invalidated and the resentence imposed on April 6, 1970, were entirely consistent. In the 1966 sentence the court imposed a minimum sentence of twenty-five years—to begin on May 7, 1966: If the full minimum sentence had been served in the penitentiary it would have expired on May 7, 1991. In the resentencing imposed on April 6, 1970, the defendant was given a sentence of 29 years to date from April 9, 1962. If he had served out the full minimum term of 29 years, he would have been released from prison on April 9, 1999. In other words, the sentence imposed in 1970—had it been served—was 28 days shorter than the sentence given in 1966—had it been served.

It is, therefore, clear that the court not only took into consideration the time spent by the defendant in the penitentiary under his first sentence, but that he did not increase the length of the first sentence given on May 7th, 1966 for second degree murder.

Defendant contends the trial court's act was in violation of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L. Ed.2d 656 (1969). In that case, respondent Pearce was convicted of assault with the intent to commit rape and the trial court sentenced him to prison for a term of 12 to 15 years. Upon reversal, he was retried, convicted and sentenced to an eight year

prison term. The approximate expiration date of the original sentence, assuming allowances are made for good behavior, was November 13, 1969, whereas the expiration date of the new sentence, again assuming good behavior would have been October 10, 1972. Because the trial court on resentencing took into account the respondent's time in prison the only question presented in Pearce was the constitutional limitations placed upon the trial court in imposing a harsher punishment in sentencing Pearce upon a retrial of the same offense.

Since it has been shown in the case at bar that the new sentence in fact would have expired prior to the original sentence and that the trial court did take into account the defendant's time in prison, we hold that Pearce is not applicable to defendant's first contention.

In reference to the second question presented, the defendant argues that the revocation of the suspended sentence for robbery, and the imposition of a more severe sentence for that crime, violates the rule laid down in the case of North Carolina v. Pearce, supra.

■ This argument would be unassailable if in fact the defendant had received a more severe sentence which would have to be served in the future. The facts are, however, that the original sentence for robbery was five years and this was suspended. Such suspension lies within the sound discretion of the court. State v. Bigelow, 76 Ariz. 13, 258 P.2d 409 (1953). The defendant is not completely forgiven of the crime, the sentence is held in abeyance. The reinstatement of the original sentence cannot be considered a harsher one when what is reimposed is a sentence which is less than the original suspended

sentence and where the defendant had long since served this period of time in connection with his conviction for first degree murder. Therefore, no increased punishment was imposed—other than what the defendant had already served—and the defendant was given credit on his robbery conviction for the time served.

Thus, the revocation did not technically fall within the purview of Pearce, and the imposition of a paper sentence which had already been served, is in no sense of the word retaliatory, nor did it display a disposition on the part of the court to impose a longer sentence yet to be served on the defendant.

Although not strictly governed by Pearce, we nevertheless hold that the order revoking the suspended sentence should be vacated and the suspended sentence reinstated. We are compelled to do this for two reasons.

■ First, it is not the policy of this State to discourage attacks on judgments of convictions where the aggrieved party has legal grounds for taking appeal. While it is clear from the minutes that the trial judge displayed no intent to thwart the defendant's effort to take an appeal and while the revocation of the suspended sentence did not produce a harsher sentence, yet it is possible that the defendant's rights might be prejudiced by the order of revocation. For instance, at some future time, this revocation might hinder defendant's chances of a favorable result before the Pardon and Parole Board.

Secondly, in A.R.S. § 13–1657, the court is given the power to revoke a suspended sentence within the limits prescribed by this statutory provision.[1] In the case at

---

1. "1. § 13–1657. Suspending imposition or execution of sentence; revocation and termination of probation; discharge
   *    *    *    *    *
  B. At any time during the probationary term of the person released on probation, * * * the court may, in its discretion, issue a warrant for the rearrest of any such person and may thereupon revoke

and terminate the probation, if the interests of justice so require, and if the court, in its judgment, has reason to believe that the person so placed upon probation is violating the conditions of his probation, or engaging in criminal practices, or has become abandoned to improper associates, or a vicious life."

bar, the court announced from the bench that the suspended sentence was being revoked for good cause shown but a review of the record does not reveal any of the grounds as listed in § 13–1657 to exist.

For the reasons heretofore stated:

I   The judgment and sentence for second degree murder is affirmed.

II   The order revoking the defendant's suspended sentence for robbery is vacated.

STRUCKMEYER, C. J., HAYS, V. C. J., and LOCKWOOD and CAMERON, JJ., concur.