550 P.2d 1060
**STATE of Arizona, Appellee,**

v.

**Larry RAFFAELE, Appellant.**

**No. 3485.**

Supreme Court of Arizona,
In Banc.

June 9, 1976.
Rehearing Denied July 13, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer III and Georgia Butcher Ellexson, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Jr., Phoenix, for appellant.

HOLOHAN, Justice.

Appellant, Larry Raffaele, was convicted of burglary in the nighttime and of attempted grand theft; sentence was suspended, and he was placed on probation. Appellant filed a timely appeal, and we assumed jurisdiction pursuant to Rule 47 (e)(5), Rules of the Supreme Court, 17A A.R.S.

The appellant has raised the following issues for resolution:

1. Whether appellant was denied his right to a speedy trial as provided by Rule 8.2(c), Rules of Criminal Procedure, 17 A.R.S.;

2. Whether sufficient evidence of the value of the subject matter of the attempted theft was presented at trial to sustain a conviction of attempted grand theft;

3. Whether the state should have been required to make available to the appellant for his examination the subject matter of the attempted theft;

4. Whether it was error for the trial court to instruct the jury on aggravated assault; and

5. Whether the prosecutor improperly commented on appellant's Fifth Amendment right to remain silent.

The evidence offered by the state disclosed that appellant was apprehended in the home of the victim shortly after 5:00 a. m. Entry had been gained by breaking a window in the door and opening it. A group of items from the house, including a concert violin, had been stacked at the door.

The appellant testified that he did not enter the house to steal anything. He admitted entering the house, but he stated that he was chasing an individual who had injured his brother. The appellant followed the individual into the house, was hit

on the head, and recovered to find the police in the house.

Three hundred and twenty-five days elapsed between appellant's arraignment and trial. Because of this period of delay, appellant contends that he was denied a speedy trial as required by Rule 8.2(c) of the Rules of Criminal Procedure, 17 A.R.S. Appellant has not raised a claim of a federal Constitution violation, and has not demonstrated that the lengthy delay was unreasonable or that prejudice resulted because of the delay. *See Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Without reaching the question of whether the various continuances granted in this cause constituted excluded periods under Rule 8 so as to reduce the actual delay within the Rule's time limits, we are of the opinion that appellant's contention may be resolved on the basis of appellant's failure to move for dismissal on Rule 8 grounds before the trial court.

█ █ In *State ex rel. Berger v. Superior Court,* 111 Ariz. 335, 529 P.2d 686 (1974), we vested the trial court with the discretion to dismiss with or without prejudice for violation of Rule 8. In order for the trial court to be able to make the determination of whether to dismiss with or without prejudice it must first make the determination of whether a violation of Rule 8 has occurred. Since the trial court is not required to raise a Rule 8 speedy trial violation on its own initiative, *State v. Crank,* 13 Ariz.App. 587, 480 P.2d 8 (1971); *State v. Lee,* 25 Ariz.App. 220, 542 P.2d 413 (1975), it is incumbent upon the defense to make a timely motion. Not only did appellant fail to make such a motion, but appellant has not demonstrated prejudice in any manner resulting from the alleged violation of Rule 8. We hold that appellant's failure to assert the Rule 8 violation before the trial court prevents the appellant from asserting this issue on appeal.

Appellant contends that the state has failed to establish that the property attempted to be taken had a value of more than $100 as required by A.R.S. § 13–663 (A)(1).

█ █ The question of the value of the subject property is one to be determined by the jury. *Murphy v. State,* 50 Ariz. 481, 73 P.2d 110 (1937). In reviewing the jury's verdict, our inquiry is limited to whether there was substantial evidence before the jury to support the verdict. *State v. Jones,* 104 Ariz. 14, 448 P.2d 70 (1968).

█ The only testimony as to the value of the violin was given by the owner, Alice L. Mason, *viz:*

"Q. . . . Mrs. Mason, as of the 23rd of July, 1974, how long had you owned that violin?

"A. Approximately 35 years.

"Q. Is there anything unusual about that violin?

"A. It's very old.

"Q. Is there anything distinctive about it?

"A. No.

"Q. How would you classify the quality of that violin?

.   .   .   .   .   .

"A. . . . It's strictly a concert violin.

"Q. And, how would that relate to other violins then?

"A. Well, people who play concert music usually have their own and I have been saving it. It belonged to my daughter and she gave up her violin and she married and has a little girl and they are very anxious for her to take violin while she is still very, very young. I gave it to them.

"Q. . . . Was it your violin on the 23rd day of July, 1974?

"A. Yes.

"Q. Do you know exactly how old that violin is?

"A. It was registered in the Conservatory of Music in Chicago in the late eighteen something, 1879.

"Q. . . . Do you know what the value of that violin was on July 23rd, 1974?

"A. I have no idea.

. . . . . .

"Q. Can you give a rough estimate as to the value of the violin?

"A. . . . I have refused $2,500 for it.

"Q. You had a bona fide offer of $2,500 for that violin?

"A. Yes."

In particular, appellant contends that this testimony was insufficient in itself to show the value of the violin at the time of the theft. We disagree. There was sufficient evidence for the jury to conclude that the property had a value in excess of $100.

■ Appellant next complains that he was deprived of the opportunity to examine the violin before trial in order to adequately contest its value. The violin was not introduced as an exhibit at trial. Appellant did enter a request in the Omnibus Hearing Form for temporary possession of the violin; however, no further action was taken. There is no minute reference concerning the results of the Onmibus Hearing request, except that a date certain was set for completion of discovery. The defense did not pursue the matter further as permitted by the discovery rules, particularly Rule 15.1(e), Rules of Criminal Procedure, 17 A.R.S. We hold that appellant waived any claim of right to examine the violin by his failure to pursue the matter before the trial court.

■ At the trial of the case, counsel for appellant objected to the introduction of the photograph of the violin on the grounds that no sufficient foundation for the photograph had been laid and that the violin itself should be offered to establish the identity of the item stolen. There was no suggestion that the defense was objecting because there had been no opportunity to examine the violin. We have recently ruled in *State v. Bouillon,* 112 Ariz. 238,

540 P.2d 1219 (1975), that it is permissible to admit photographs of the alleged stolen articles, and that this is usually sufficient to identify the stolen property.

Appellant argues that it was error for the court to have instructed the jury on the elements of aggravated assault. The prosecution argued that, even if the appellant did not intend to steal anything in the house, burglary was committed by the entry of the appellant to commit the felony of an assault upon a person in the house. A.R.S. § 13-245(a)(1). Appellant contends that the only proof of his intent to assault consisted of his own statements, that the statute was not intended to apply to the facts of this case, and that the offense is an "open-end" charge and therefore cannot be considered a felony, and that the instruction created prejudicial confusion.

■ The theory that appellant was in the house to commit an assault on his brother's tormentor was advanced by appellant at the time of his arrest. Additionally, appellant testified at trial that he chased the other party into the home "to get even with him." The out-of-court admissions by a defendant standing alone may not support a conviction, but the sworn testimony of the defendant in court may be sufficient to support a conviction without further corroboration. The trial testimony of appellant was therefore sufficient to establish the intent to commit an assault.

■ We are not persuaded that the crime of aggravated assault is limited to those situations in which the victim of the intended assault resides in the private home or has a right to be there. A.R.S. § 13-245 (a)(1) provides that an assault or battery becomes aggravated "[w]hen the person committing the offense goes into a private home and is there guilty of assault or battery." In determining the intent of the legislature, words of the statute are to be given their ordinary meaning unless it appears from context or otherwise that a different meaning should control. *State v. Miller,* 100 Ariz. 288, 413 P.2d 757 (1966);

A.R.S. § 1–211(C). We can find no expression of legislative intent, nor have we been cited any, which would permit us to interpret the meaning of the statute as sought by the appellant.

Nor do we find merit in appellant's argument that the instruction was improper because aggravated assault is an open-end offense and, therefore, may not be a felony in circumstances where the trial court sentences the defendant to a fine or county jail. A.R.S. § 13–103 answers the question of when an "open-end offense" becomes a misdemeanor. Subsection B of the statute provides in part, ". . . it shall be deemed a misdemeanor for all purposes after a sentence imposing a punishment other than imprisonment in the state prison." Until the sentence is imposed, and for the purposes of the burglary statute, aggravated assault is a felony.

The instructions by the trial court defined the elements of burglary; there after the trial court defined the elements of aggravated assault. We find no confusion in the instructions. The entry of a dwelling house in the nighttime to commit a felony or theft was the essence of the burglary instruction. A possible felony which the state argued that appellant intended to commit was aggravated assault. Although the granting of an instruction on aggravated assault may create confusion in the minds of a jury if it is given in the abstract, the fact that the instruction was preceded by the evidence and arguments of counsel erased any possibility of confusion.

Appellant's final assertion is that the prosecutor, in his closing argument, violated appellant's Fifth Amendment rights by commenting on his failure to give a complete explanation at the scene. The statement of which appellant complains is as follows:

"But, if he had really just been knocked out by somebody he was chasing for something that had happened to his brother, why didn't he tell the police that? Why wouldn't he say, 'Hey, look, a guy that just committed an assault—'" [Objection raised.]

The prohibition against a prosecutor's use at trial of the accused's silence or claim of privilege is well settled in this jurisdiction. *State v. Shing*, 109 Ariz. 361, 509 P.2d 698 (1973); *State v. Anderson*, 110 Ariz. 238, 517 P.2d 508 (1973); *State v. Ward*, 112 Ariz. 391, 542 P.2d 816 (1975). The weakness of appellant's claim is that he did make a statement to the arresting officers after having been advised of his rights. The appellant did testify at trial. The prosecutor could not have been commenting on the accused's right to remain silent because the accused did not keep silent. As pointed out in *State v. Anderson, supra*:

"When a defendant makes a statement at trial which is inconsistent with an earlier statement his credibility is clearly in question. This rationale does not follow with silence at the time of arrest." 110 Ariz. at 241, 517 P.2d at 511.

The statements of the prosecutor were permissible comment on the creditability of the accused by comparing his court testimony with his earlier out-of-court statements.

The judgment of the trial court is affirmed.

Affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concurring.