574 P.2d 460

STATE of Arizona, Appellee,

v.

Scott Edward RISHER, Appellant.

No. 1 CA–CR 2181.

Court of Appeals of Arizona,
Division 1,
Department C.

April 21, 1977.

Supplemental Opinion Aug. 4, 1977.

Review Granted Sept. 15, 1977.

**595**

defendant, pursuant to a plea agreement, pled guilty to the offense of aggravated battery, "open-end". This plea was accepted as guilty of aggravated battery, "open-end".

The court has reviewed this proceeding and finds that it complies with all constitutional, statutory and criminal rules. We therefore conclude the plea was properly entered and accepted.

At the time of sentencing, the trial court placed the defendant on probation for a period of five years on certain conditions, including as a condition of probation that defendant be incarcerated in the Maricopa County jail for a period of four months. The sentencing judge also indicated that in the event the defendant successfully completed his probation, the charge would be designated as a misdemeanor.

Pursuant to A.R.S. § 13–1715, this court reviewed the proceedings for fundamental error and concluded a substantial question was presented concerning the validity of the court's sentence in (1) failing to designate at the time of pronouncement of sentence whether the offense was a misdemeanor or felony; and (2) whether having placed the defendant on probation for a period of five years, the court could at the successful termination of that probationary period designate the offense as a misdemeanor. These issues were presented to counsel for the defendant and the state with a request that supplemental briefs be filed. These briefs have now been filed and both counsel agree that there are no Arizona cases directly on point.

A.R.S. § 13–245, as amended, (Supp.1973) provides the punishment for aggravated battery, the crime for which the defendant was found guilty:

"B. An aggravated battery . . . shall be punished by a fine of not less than one hundred nor more than two thousand dollars, or by imprisonment in the county jail not to exceed one year, or both, or by imprisonment in the state prison for not less than one nor more than five years."

Bruce E. Babbitt, Atty. Gen., by William J. Schafer III, Chief Counsel, Crim. Div., Thomas G. Bakker, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Rudy J. Gerber, Deputy Public Defender, Phoenix, for appellant.

OPINION

JACOBSON, Presiding Judge.

This case presents the novel issue of whether a defendant found guilty of an "open-end" offense (one which may either be treated as a misdemeanor or a felony, depending upon the sentence imposed, *see* A.R.S. § 13–103(B), as amended, (Supp. 1973), may be placed on probation for a period of five years and still be designated as a "misdemeanant" upon successful completion of the probationary period.

This case originally arose in this court on an *Anders*[1] brief filed by appellant's counsel. The facts reflected by that brief and the record are that the defendant, Scott Edward Risher, was charged with aggravated battery committed upon his wife in violation of A.R.S. §§ 13–241 and 13–245, as amended, (Supp.1973). On June 3, 1976, the

1. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

A.R.S. § 13–103(B), as amended, (Supp. 1973) provides:

"When a crime or public offense punishable by imprisonment in the state prison is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a sentence imposing a punishment other than imprisonment in the state prison."

■ It is thus clear that aggravated battery being both punishable by a fine or imprisonment in the county jail or state prison, could, depending upon the *sentence* imposed, be treated under A.R.S. § 13–103(B), as amended, (Supp.1973) either as a felony or a misdemeanor. This type of offense has become known in common parlance as an "open-end offense".

What A.R.S. § 13–103(B), as amended, (Supp.1973) has failed to consider, is the fact of probation. That failure creates the problem here, as the trial court neither imposed a fine nor a jail term other than as a condition of probation, nor placed the defendant in the state prison, but rather granted probation.

The granting of probation is controlled by A.R.S. § 13–1657, as amended, (Supp.1976) which provides in pertinent part that:

"(A)(1); The court may suspend the imposing of sentence and may direct that the suspension continue for such period of time, *not exceeding the maximum term of sentence which may be imposed,* and upon such terms and conditions as the court determines . . . ." (emphasis added).

When the case law in this area is added to the statutory failure to consider probation in determining what designation an open-end offense must take, the picture becomes even more complex. The case law has developed that an open-end offense is a felony until a sentence is imposed other than imprisonment in the state prison. *State v. Raffaele*, 113 Ariz. 259, 550 P.2d 1060 (1976); *State v. Vineyard*, 96 Ariz. 76, 392 P.2d 30 (1964); *In re Gutierrez*, 82 Ariz. 21, 307 P.2d 914, *cert. denied*, 355 U.S. 17, 78 S.Ct. 79, 2 L.Ed.2d 23 (1975). As was stated in *Raffaele*:

"A.R.S. § 13–103 answers the question of when an 'open-end offense' becomes a misdemeanor. Subsection B of the statute provides in part, '. . . it shall be deemed a misdemeanor for all purposes after a sentence imposing a punishment other than imprisonment in the state prison.' *Until the sentence* is imposed . . . aggravated assault is a felony." (emphasis added) *Id.* 113 Ariz. at 263, 550 P.2d at 1064.

If *Raffaele, Vineyard* and *Gutierrez* were followed literally, absurd results could ensue. For example, the trial court in this case suspended imposition of sentence for five years. This is a "sentence" other than imprisonment in the state prison which arguably results in the offense being designated a misdemeanor. If revocation of this probation were to occur, the defendant could theoretically argue that the only sentence that could be imposed would be that of a misdemeanor which carries the maximum of six months' imprisonment in the county jail. *See* A.R.S. § 13–1645. As aptly stated by the state, such a result would be "clearly intolerable".

The state argues, as a way out of this dilemma, that the granting of probation is not a "sentence" as A.R.S. § 13–1657(A)(1), as amended, (Supp.1976) clearly provides that: "The court may *suspend* the imposing of sentence and may direct that the *suspension* continue . . . ." (emphasis added) There are general statements in cases to support this proposition. *See State v. Pitts,* 26 Ariz.App. 390, 548 P.2d 1202 (1976) (holding that a fine cannot be imposed as a condition of probation, as a fine is a "sentence" and probation is a "suspension of sentence"); *State v. Jackson,* 107 Ariz. 371, 489 P.2d 8 (1971) (holding that for enhanced punishment purposes, probation is the holding of a "sentence" in abeyance); *In re Application of Johnson v. State,* 5 Ariz.App. 125, 423 P.2d 896 (1967) (holding that defendant was not entitled to credit for time spent on probation as defendant being placed on probation was not in fact "sentenced"); *Brooks v. State,* 51 Ariz. 544, 78

P.2d 498 (1938) (holding for appeal purposes the time for appeal from original conviction begins to run from revocation of probation as until that time no "sentence" has been imposed. This case was subsequently overruled in *State v. Heron*, 92 Ariz. 114, 374 P.2d 871 (1962). However, *see State v. Fuentes*, 26 Ariz.App. 444, 549 P.2d 224 (1976), majority opinion of the Court of Appeals adopted by Arizona Supreme Court in 113 Ariz. 285, 551 P.2d 554 (1976), holding that probation is a "sentence".

The problem we have with the state's reasoning that the granting of probation is not a "sentence", is that under the rationale of *Raffaele,* an open-end offense remains a felony until "sentence" is imposed. In an open-end offense in which the court grants probation for a six-months period, clearly an indication to treat the offense as a misdemeanor, under the state's reasoning, this offense must be treated as a felony, as no "sentence" has been invoked. Again, clearly an intolerable result.

In our opinion, the confusion surrounding "open-end offenses" has resulted from the failure of the courts to adequately distinguish between the two conceptual usages of the word "sentence" as applied both in the statutes, criminal rules and case law. First, "sentence" can denote "the *pronouncement* by the court of the penalty imposed upon the defendant after a judgment of guilt." Rule 26.1, Rules of Criminal Procedure, 17 A.R.S. In this sense, if probation is granted, it is the *pronouncement* of the court and hence a sentence. *See* Comment to Rule 26.1, *supra.*

The second use of the word "sentence" refers to the penalty of fine or imprisonment actually imposed by the particular statute for the crime involved. *See,* for example, A.R.S. Title 13, Chap. 6, Art. 7, "Sentencing", where the term "punishment" is used synonymously with the word "sentence". It is in this sense that A.R.S. § 13–1657, as amended, (Supp.1976) refers to the power of the court to "[S]uspend the imposing of *sentence* [penalty imposed by statute] . . . for such period of time, not exceeding the maximum term of sen-

tence [imprisonment] . . . ." (emphasis added)

When viewed in this light, the only logical interpretation of the word "sentence" in A.R.S. § 13–103(B), as amended, (Supp.1973), which "sentence" denotes whether the open-end offense will be a misdemeanor or a felony, is that it means the *pronouncement* of the penalty to be invoked. If that pronouncement is probation ("[A] sentence imposing a punishment other than imprisonment in the state prison", A.R.S. § 13–103(B), as amended, (Supp. 1973)), then the provision of A.R.S. § 13–1657, as amended, (Supp.1976) comes into play to determine whether the term of probation is consistent with a felony or a misdemeanor.

This is so for A.R.S. § 13–1657, as amended, (Supp.1976) clearly provides that the term of probation cannot exceed "[T]he maximum term of sentence [incarceration] which may be imposed." Therefore, if the court places a defendant charged with an "open-end offense" on probation for a period of time in excess of that allowed for misdemeanor incarceration, the court of necessity must have treated the offense as a felony, for no other than felony treatment would provide the power of the court to impose such an extended probationary period.

Applying this reasoning to the facts in this case, it is clear that when the court placed the defendant on probation for a period of five years (the maximum term of incarceration in the state prison allowed under the statute), the court, for the purposes of A.R.S. § 13–103(B), as amended, (Supp.1973) "sentenced" the defendant for a felony conviction. It necessarily follows that the court has no authority to subsequently declare this felon a misdemeanant only. *State v. Wilson*, 113 Ariz. 145, 548 P.2d 23 (1976); *Huerta v. Flood*, 103 Ariz. 608, 447 P.2d 866 (1968).

It is equally clear in this case that the trial court was under the good faith impression that it possessed the power to subsequently designate the defendant's crime as

a misdemeanor[2] and that this may have entered into the court's consideration in rendering sentence. For this reason, we vacate the sentence heretofore entered and remand for resentencing in accordance with this opinion. In all other regards, the judgment of the trial court is affirmed.

OGG, J., concurs.

FROEB, Chief Judge, Division 1, dissenting in part:

In my opinion the crime for which the defendant has been found guilty, namely, aggravated battery, open-end, is still susceptible to designation by the trial court as a misdemeanor, notwithstanding the five year term of probation. For this reason, I find no error in the sentence and would therefore affirm it.

The majority view in this case is based on two premises which appear to me to be incorrect. The first is that a grant of probation is a "sentence" and the second is that designation of an open-end offense as either a felony or a misdemeanor can take place only by the imposition of a "sentence".

In my opinion, when sentence is suspended and probation is granted for an open-end offense, the trial court may allow the offense to remain open-ended during the term of probation and upon its successful completion then designate the crime as either a felony or misdemeanor and discharge the defendant from court supervision.

In analyzing this, the first question in a logical sequence is: when does the law provide that an open-end offense must be designated as either a felony or a misdemeanor? The majority opinion states that this must occur at the sentencing proceeding. However I can find no support for this. A.R.S. § 13–103(B), as amended, (Supp. 1973), relied upon so heavily by the majority merely instructs us that *when* a sentence is imposed, its effect is to designate the crime as either a misdemeanor or felony at that point. It is noteworthy that this statute has nothing to do with the situation where sentence is suspended and probation is granted.

The authority to suspend imposition of a sentence is found in A.R.S. § 13–1657, as amended, (Supp.1976). *State v. Pakula*, 113 Ariz. 122, 547 P.2d 476 (1976). When the trial court elects to grant probation, no sentence has yet been imposed and indeed it may never be if the defendant complies with the terms of probation. *See State v. Jackson*, 107 Ariz. 371, 489 P.2d 8 (1971); *State v. Pitts*, 26 Ariz.App. 390, 548 P.2d 1202 (1976). The length of the probationary term is also governed by A.R.S. § 13–1657, as amended, (Supp.1976). In the case of an open-end offense, the statute clearly allows the trial court to provide for a term of probation to the outer limits of the potential sentence for the crime, which in this case was five years. At this point the majority view is to equate the length of time for probation with a felony sentence of imprisonment. This seems to me an uncalled-for equation. A.R.S. § 13–1657, as amended, (Supp.1976) operates to do nothing more than fix a maximum period for which the defendant must remain under probation supervision. While the *measure* of this period is established by the potential felony imprisonment which could be imposed, it bears no closer relationship to an actual sentence. To say that the fixing of the probationary term designates the crime as a felony and at the same time eliminates the possibility of a future misdemeanor sentence and possible incarceration in the county jail as punishment goes beyond the words of A.R.S. § 13–1657, as amended, (Supp.1976). Such an argument engrafts consequences upon the use of A.R.S. § 13–1657, as amended, (Supp.1976) which appear to me are plainly not there.

This does not resolve, however, the question of when the designation of the offense actually occurs in such a situation, but that is easily stated. During the probationary

2. The court recognizes that the device utilized by the trial court may have salutary effects, by providing an added incentive to successful completion of a probationary period. A bill recently introduced in the legislature may accomplish this result. *See* State of Arizona Senate Bill 1008, 33rd Legislature, First Regular Session.

period, the crime is deemed to be a felony as nothing has occurred to designate it otherwise. This would follow from *State v. Raffaele*, 113 Ariz. 259, 550 P.2d 1060 (1976) and *State v. Vineyard*, 96 Ariz. 76, 392 P.2d 30 (1964). If during the probation term, probation is revoked and the defendant is sentenced, then the sentence will determine whether the crime is a felony or a misdemeanor by reason of the provision of A.R.S. § 13–103(B), as amended, (Supp.1973). If the defendant successfully completes his probationary term, the court will, at the conclusion thereof, both discharge the defendant as is provided by A.R.S. § 13–1657(D), as amended, (Supp.1976) and Rule 27.4, Rules of Criminal Procedure, 17 A.R.S., and then and there designate the crime as either a felony or misdemeanor. The authority of the trial court to designate the crime at this stage, while not specifically provided for by statute or rule, is implied under the circumstances. If it were not, then an untenable and illogical result follows, namely that the crime remains designated a felony because of the fact that probation was granted. Had the probationary term been less than one year, under this concept, it would still be a felony. Thus, no open-ended crime for which probation was given could ever be designated a misdemeanor, even though the term of probation was, for example, six months. I do not think the criminal statutes involved should be read to mean that the trial court is barred from granting probation when it wishes to designate the open-ended crime as a misdemeanor. If this premise is correct, then under such circumstances the designation must occur at some stage. If the trial court can designate at the sentencing hearing when probation begins, I see no reason why the designation cannot be made at the termination of probation.

In summary, the statutes relating to open-end offenses have left an open end to the question of what results follow when probation is granted. Recognizing this, the interpretation given them by the majority seems to me to run counter to the basic idea of an open-ended offense—namely to give the trial court a discretionary tool which will motivate the offender to rehabilitate himself.

I concur with the majority in affirming the conviction and in addition would also affirm the suspension of sentence and the grant of probation.

## SUPPLEMENTAL OPINION

JACOBSON, Presiding Judge.

On April 21, 1977, this court issued its opinion in this matter, in essence holding that a defendant who has been placed on probation for a period of five years for the violation of an "open ended" offense may not, at the successful conclusion of that probation, have this conviction designated as a misdemeanor. (Chief Judge Donald F. Froeb dissented from this holding.)

Both parties have filed motions for rehearing, the state urging that misdemeanant treatment can be afforded a successful probationer even though the term of probation exceeds one year. Appellant Risher joins in this contention. In addition, Risher contends that the promised misdemeanor treatment on successful completion of his probationary term, if granted, was an inducement to his plea of guilty and if that treatment cannot legally be afforded, his plea of guilty was involuntary.

The matters raised by the state's motion for rehearing were adequately considered at the time of our original opinion and nothing new having been added, a majority of this court voted to deny its motion for rehearing. (See dissent of Froeb, C. J.)

However, the state has pointed out that numerous probationers are presently serving probation terms under conditions similar to those imposed upon Risher in this case, i. e., the expectation that their successful completion of probation—even though the term of that probation exceeds one year, will result in their conviction being designated as a misdemeanor. Since our opinion appears to be a departure from what was considered a legally acceptable term of probation, we now are convinced, in order to avoid a disruption of the judicial

process, that our holding will apply to this case but shall otherwise have prospective operation only. That is, it will only be effective as to those placed on probation after the date of the issuance of our original opinion in this matter.

As to Risher's contention that if he cannot be afforded misdemeanor treatment, his original plea of guilty was involuntary, we agree. The reading of the plea taking transcript leaves a clear impression that the possibility of misdemeanor treatment would be offered even though the term of probation exceeded one year. Under these circumstances, we cannot say that this possibility was not an inducement to Risher to enter his plea of guilty. *State v. Hooper*, 107 Ariz. 327, 487 P.2d 394 (1971).

Therefore, Risher's plea of guilty is vacated, and any previous charges are reinstated and the matter remanded for further proceedings.

OGG, J., concurs.

FROEB, Chief Judge, Division 1, dissenting:

For the reasons stated in my dissent to the original majority opinion, it is my belief that the probationary term imposed by the trial court is valid and if successfully completed by the appellant, the trial court may designate the conviction as a misdemeanor. I would therefore grant the appellee's motion for rehearing. I would deny the appellant's motion for rehearing to the extent that it urges the setting aside of the plea. Nevertheless, I concur with the majority that its decision should be prospective only in its operation.