574 P.2d 453

The STATE of Arizona, Appellee,

v.

Scott Edward RISHER, Appellant.

No. 3999–PR.

Supreme Court of Arizona,
In Banc.

Jan. 9, 1978.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III and Thomas G. Bakker, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Rudy J. Gerber, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Chief Justice.

█ Pursuant to Rule 31.19, Rules of Criminal Procedure, 17 A.R.S., we granted the State's petition for review to determine one issue, that is, whether a defendant found guilty of an "open-end" offense (one which may be treated either as a misdemeanor or a felony depending upon the sentence imposed), may be placed on probation for a longer period of time than the maximum sentence for a misdemeanor and still have the offense designated as a misdemeanor upon successful completion of the probationary period.

The facts necessary for our determination of this issue are as follows. The defendant, Scott Edward Risher, was charged with aggravated battery committed upon his wife. A.R.S. § 13-245 provides the punishment for aggravated battery:

"B. Aggravated * * * battery shall be punished by a fine of not less than one hundred nor more than two thousand dollars, or by imprisonment in the county jail not to exceed one year, or both, or by imprisonment in the state prison for not less than one nor more than five years."

Pursuant to a plea agreement, the defendant pled no contest to a charge of aggravated battery, "open-end." At the hearing to determine the voluntariness of the plea, the judge indicated that if probation were granted the offense could be designated a misdemeanor upon successful completion of the probation. After accepting the no contest plea and adjudging him "guilty of the crime of aggravated battery, an open-end offense," the court placed the defendant on five years probation subject to certain conditions, including four months incarceration in the County Jail. The trial court said that if the defendant satisfied all the conditions of probation, the offense would be designated a misdemeanor.

The authority of a trial court to suspend the imposition of sentence and place a criminal offender on probation is provided by A.R.S. § 13-1657:

"§ 13-1657. *Suspending imposition or execution of sentence; revocation and termination of probation; discharge*

"A. If it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be subserved thereby, the court may, in its discretion, place the defendant upon probation in the manner following:

"1. The court may suspend the imposing of sentence and may direct that the suspension continue for such period of time, not exceeding the maximum term of sentence which may be imposed, and upon such terms and conditions as the court determines, and shall place such person on probation * * *."

█ As this statute makes clear, probation is not a sentence, but rather a feature of the suspension of imposition of sentence. See, e. g. *In re Application of Johnson v. State*, 5 Ariz.App. 125, 423 P.2d 896 (1967); *State v. Pitts*, 26 Ariz.App. 390, 548 P.2d 1202 (1976); *State v. Van Meter*, 7 Ariz. App. 422, 440 P.2d 58 (1968). However, the Rules of Criminal Procedure, 17 A.R.S., provide:

"The term sentence means the pronouncement by the court of the penalty imposed upon the defendant after a judgment of guilty." Rule 26.1, Rules of Criminal Procedure, 17 A.R.S.

The Comment to this rule states:

" * * * The term sentence as used in this rule does include probation even though in most cases, under Ariz.Rev. Stat.Ann. § 13-1657(A) (Supp.1972), imposition of sentence must be suspended in order to place a person on probation." Comment to Rule 26.1, Rules of Criminal Procedure, 17 A.R.S.

The Court of Appeals in *State v. Fuentes*, 26 Ariz.App. 444, 549 P.2d 224 (1976), majority opinion adopted by this court in 113 Ariz. 285, 551 P.2d 554 (1976), a case involving Rule 31.3, Rules of Criminal Procedure, 17 A.R.S., which requires notice of appeal to be filed within 20 days "after the entry of judgment and sentence," held for purposes of Rule 31.3, that the term "sentence" includes the granting of probation. We have no quarrel with this holding so long as it is understood that it is limited to the determination of the time for appeal. Except for the purpose of commencing the time within which a person must appeal, probation is not a sentence and is granted only after the imposition of sentence is suspended. Probation not being a sentence, the court is not required to determine whether the offense is a felony or a misdemeanor at the time the imposition of sentence is suspended and probation granted, but may defer that determination until after completion of the terms of probation or, should the defendant violate the terms of probation, after probation is revoked.

■ It is contended, however, that the only way an open-end offense may be designated a misdemeanor is by the imposition of a misdemeanor sentence, i. e. a fine or jail term. We have stated with reference to an open-end offense:

"* * * it remains a felony unless and until a court in its discretion imposes a sentence of imprisonment in the county jail for not to exceed one year. * * *"
*State v. Vineyard*, 96 Ariz. 76, 79, 392 P.2d 30, 33 (1964). Cf. *State v. Raffaele*, 113 Ariz. 259, 550 P.2d 1060 (1976) and *State v. Gutierrez*, 82 Ariz. 21, 307 P.2d 914 (1957), cert. den. 355 U.S. 17, 78 S.Ct. 79, 2 L.Ed.2d 23.

According to one interpretation of this language, any time probation is granted and successfully completed a judge would be required to then impose some fine or jail term upon the rehabilitated offender in order to confer misdemeanant status upon him. We cannot believe the legislature in-

tended such a requirement to flow from its enactment of A.R.S. § 13–103(B).

■ In *Vineyard* the crime involved was second degree rape. Probation was not a factor in that case, nor was it a factor in *Raffaele* or *Gutierrez*. Once the possibility of probation is taken into account, the proper inference to be drawn from our language in *Raffaele, Vineyard* and *Gutierrez* is that an open-end offense shall be deemed a felony unless and until otherwise designated.

■ It is finally contended, however, that pursuant to A.R.S. § 13–1657, the court may not grant a term of probation longer than the maximum sentence for a misdemeanor and still treat the offense as a misdemeanor. We do not agree. A.R.S. § 13–1657 provides that the court may suspend sentence and place the defendant on probation for a period "not exceeding the maximum term of sentence which may be imposed." This provision clearly suggests that when the offense is an open-ended one, the trial court may place the defendant on probation for a period equal to the longest prison term the offender could receive under the particular statute. This does not mean that in doing so the offense is necessarily classified as a felony. We agree with Chief Judge Froeb's dissent in the opinion of the Court of Appeals:

"A.R.S. § 13–1657, as amended, (Supp. 1976) operates to do nothing more than fix a maximum period for which the defendant must remain under probation supervision. While the *measure* of this period is established by the potential felony imprisonment which could be imposed, it bears no closer relationship to an actual sentence. To say that the fixing of the probationary term designates the crime as a felony and at the same time eliminates the possibility of a future misdemeanor sentence and possible incarceration in the county jail as punishment goes beyond the words of A.R.S. § 13–1657, as amended, (Supp.1976). Such an argument engrafts consequences upon the use of A.R.S. § 13–1657, as amended, (Supp. 1976) which appear to me are plainly not

**590**

there."[1] 117 Ariz. 594, 574 P.2d 460 (App.1977).

The opinion and supplemental opinion of the Court of Appeals, Division I, 117 Ariz. 594, 574 P.2d 460 (App.1977), are vacated and the original judgment and disposition by the trial court are reinstated.

STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concurring.

HOLOHAN, Justice, dissenting.

When judgment of guilt is pronounced it would seem basic that an accused be advised of the offense of which he was convicted. Today's decision by the majority indicates that this is not necessary. The majority indicate that the determination of the quality of the offense as felony or misdemeanor may be deferred to some indefinite date.

It is basic due process that an accused be informed of the crime which forms the basis for the punitive action by the court. The nature of the offense as a felony or a misdemeanor is an essential element of the offense. The determination of guilt is incomplete until the specific offense is determined, and the designation of the offense as a felony or misdemeanor vitally affects the nature of the offense and the consequences attached to it.

The majority ignore the clear mandate of Rule 26.10, Rules of Criminal Procedure, 17 A.R.S., which requires that the trial court in pronouncing judgment set forth the offense of which the defendant was convicted. Designating an offense as aggravated battery is an incomplete judgment because it may be a felony or a misdemeanor—a so-called "open-end" offense. This type of offense is somewhat analogous to the theft statute in that there must be a further designation of the specific nature of the crime such as grand or petty. In the so-called "open-end" offenses the specific nature of the offense occurs when the court designates the matter as a felony or as a misdemeanor. Without such designation the judgment is incomplete because the specific crime has never been determined.

The majority conclude that the length of the term of probation does not serve to designate the offense as a felony. The majority's interpretation of A.R.S. § 13–1657 contorts what is the obvious intent of the statute that a person not be required to endure probation for a longer period than the period of confinement prescribed for the offense of which he was convicted. The majority's reasoning serves to impose a felony period of probation on the promise of a misdemeanor conviction at the end of the felony term.

The majority point out that a conviction on an "open-end" offense is a felony conviction unless the trial court imposes a sentence of imprisonment in the county jail. *State v. Vineyard, supra.* I assume that the majority translate this holding in *Vineyard* to mean that an accused has been convicted of a felony until the trial court designates otherwise. This dubious conclusion serves to further obfuscate the status of a person convicted of an "open-end" offense. It appears that such an individual has been convicted of a felony until the court designates otherwise at some indefinite date.

The mischief of today's ruling is that it takes a rather straightforward statutory system and contorts it to accommodate the vacillation and doubts of a few trial judges.

I believe that the decision of the Court of Appeals was correct, and it should have been affirmed.

---

1. We note that after the opinion of the Court of Appeals, the legislature revised A.R.S. § 13–1657 to allow the trial court to place a misdemeanant on two years probation "even though the maximum term of sentence which may be imposed is up to one year or less."