591 P.2d 993
**STATE of Arizona, Appellee,**

v.

**David Michael SOULE, Appellant.**

**No. 1 CA–CR 3152.**

Court of Appeals of Arizona,
Division 1,
Department B.

Jan. 16, 1979.

Rehearing Denied Feb. 21, 1979.

Review Denied March 6, 1979.

John A. LaSota, Jr., former Arizona Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div. and Gregory A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Edward C. Voss, Deputy Public Defender, Phoenix, for appellant.

David Michael Soule, in pro. per.

## OPINION

OGG, Chief Judge.

A jury convicted the appellant/defendant David Soule of murder in the second degree, and he was sentenced to ten to eighteen years in prison.

Defendant now appeals his conviction and sentence and alleges as error:

1. The trial court abused its discretion in allowing the state to introduce three prior convictions.

2. The verdict is not supported by the law and the evidence.

## ADMISSION OF THE THREE PRIOR CONVICTIONS FOR IMPEACHMENT

Defendant filed a motion *in limine* to block the introduction of three prior convictions for impeachment purposes. After a hearing on the motion it was denied, and upon cross-examination at the trial the defendant admitted the following convictions: assault with a deadly weapon (1969); aggravated assault (1974); and grand larceny (1975). The defendant argues that the trial court abused its discretion in the admission of these prior convictions because of prejudice to the defendant outweighed any probative value of such evidence. The defendant, *in propria persona*, makes the further argument that the aggravated assault conviction was a misdemeanor and should not have been admitted for impeachment as a prior felony conviction. These issues are governed by 17A A.R.S. Rules of Evidence, Rule 609:

Impeachment by Evidence of Conviction of Crime

(a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record, if the court determines that *the probative value of admitting this evidence outweighs its prejudicial effect,* and if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) involved dishonesty or false statement, regardless of the punishment. [Emphasis added.]

(b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein, is not admissible unless

the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

■ The law of this state prior to September 1, 1977, the effective date of Arizona's new rules of evidence, appears to be in general agreement with Rule 609 in holding that a prior felony conviction may be utilized for impeachment purposes. *State v. King*, 110 Ariz. 36, 514 P.2d 1032 (1973). In *State v. Domme*, 111 Ariz. 464, 532 P.2d 526 (1975), the Arizona Supreme Court stated that because there are so many factors to be taken into consideration, any decision of whether a prior conviction should be used for impeachment purposes must be left to the sound discretion of the trial judge. It is our opinion that the determination, as required under Rule 609, of whether the probative value of admitting such evidence outweighs its prejudicial effect, is also a decision which must be left to the sound discretion of the trial judge. In *Domme* the trial court in a homicide case admitted a prior conviction of aggravated assault for impeachment purposes. The Arizona Supreme Court upheld such action, and stated there are no set guidelines to determine when a witness may be impeached by a prior felony conviction, although it was proper to consider such factors as the remoteness of the conviction, the nature of the prior felony, the length of the former ..iprisonment, the age of the defendant, and his conduct since the prior offense. We find no abuse of discretion in this case.

We must now address the contention raised by the defendant in his supplemental brief that his aggravated assault, open-end, conviction under A.R.S. § 13–245(B) [1] was a misdemeanor because he was not sentenced to prison but was instead fined in the sum of $500 and placed on probation for two years.

A similar question arising in a homicide case was presented to the Arizona Supreme Court in *State v. Tuzon*, 118 Ariz. 205, 575 P.2d 1231 (1978). The court in *Tuzon* upheld the admission into evidence, for impeachment purposes, of a prior open-end second degree burglary conviction. The sentence on the prior was suspended with the defendant placed on probation for two and one-half years, with a requirement that he spend four weekends in the county jail as a specific term of probation. The Supreme Court reasoned that since the trial court suspended the imposition of sentence and placed the defendant on probation, there was no imposition of sentence and the provisions of A.R.S. § 13–103(B) do not apply. A.R.S. § 13–103(B) reads:

> When a crime or public offense punishable by imprisonment in the state prison is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a sentence imposing a punishment other than imprisonment in the state prison.

The Court in *Tuzon* further expanded the reasoning by stating:

> The question of how to treat an open-end offense in cases where imposition of sentence is suspended and the defendant placed on probation was answered by this court in a recent case of *State v. Risher*, 117 Ariz. 587, 574 P.2d 453. There we said that an open-end offense shall be deemed a felony unless and until otherwise designated. In our instant case no designation had been made so the impeachment was proper. 118 Ariz. at 209, 575 P.2d at 1235.

■ In the case under consideration, the imposition of sentence was suspended and the defendant was placed on probation just as the defendant in *Tuzon* was placed on probation. As a condition of probation in

1. Section 13–245(B) as in effect on May 22, 1974, the date of his prior aggravated assault conviction reads:

An aggravated assault or battery shall be punished by a fine of not less than one hundred nor more than two thousand dollars, or by imprisonment in the county jail not to exceed one year, or both, or by imprisonment in the state prison for not less than one nor more than five years. 1973 Ariz.Sess.Laws, Ch. 172, § 33.

**508**

*Tuzon*, the defendant was ordered to spend four weekends in the county jail; here the defendant as a condition of probation was ordered to pay $500. In neither case was the offense ever designated a misdemeanor, and under the reasoning of *Risher* and *Tuzon*, the offense must then be deemed a felony.

We cannot logically distinguish *Tuzon* from the case before us, and therefore reject defendant's contention of error in the admission of his prior aggravated assault conviction for impeachment purposes. We do recognize there is a practical problem under the doctrine of *Tuzon* and *Risher* when an appellate court or any interested party attempts to determine the actual sentence of the trial court in open-end sentencing cases where probation is granted and there is no determination on the record of whether the conviction is to be designated a felony or a misdemeanor.

### WAS THE VERDICT SUPPORTED BY THE LAW AND THE EVIDENCE?

The defendant argues that the conviction was not supported by substantial evidence, and that because there is a complete absence of probative facts the guilty verdict must be set aside. *State v. Thornton*, 108 Ariz. 119, 493 P.2d 902 (1972). Our review here is limited to viewing the evidence in a light most favorable to the state, and all conflicts in the evidence must be resolved in favor of upholding the jury verdict. *State v. Perez*, 94 Ariz. 290, 383 P.2d 745 (1963). We have reviewed the record, and although there is conflicting evidence, we find there is substantial evidence to support the jury verdict that the defendant killed the victim with malice aforethought, and that the killing was not done in self-defense. The victim was stabbed six times, with four of the stab wounds deemed to be of a fatal nature.

The judgment and sentence of the trial court are affirmed.

SCHROEDER, P. J., and JACOBSON, J., concurring.