816 P.2d 932

**STATE of Arizona, Appellee,**

v.

**Robert Eugene BROWN, Appellant.**

**No. 1 CA–CR 90–690.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 6, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Janet Keating, Asst. Attys. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Garrett W. Simpson, Deputy Public Defender, Phoenix, for appellant.

OPINION

McGREGOR, Presiding Judge.

The issue on appeal is whether, as part of a sentence of probation on an undesignated class 6 felony offense, the court could order defendant Robert Eugene Brown to serve more jail time than he could be ordered to serve on a misdemeanor offense. We affirm the conviction and the sentence imposed.

I.

By written plea agreement, defendant pled guilty to theft, a class 6 undesignated offense. At sentencing, the trial court refrained from designating the offense, suspended sentence and placed defendant on intensive probation for three years with shock incarceration. As part of defendant's probation, the court ordered him to serve: (1) no more than 30 days in the county jail prior to his screening for the department of corrections' shock incarceration program; (2) 45 days in eligibility screening for that program; and (3) 120 days in the program itself. On appeal defendant argues that the potential 195 day

term of his incarceration was excessive because it was greater than the maximum of six months authorized for a class 1 misdemeanor. The statute governing defendant's assertion is A.R.S. § 13–702.H, which provides in pertinent part:

> [I]f a person is convicted of any class 6 felony not involving the intentional or knowing infliction of serious physical injury or the use of a deadly weapon or dangerous instrument and if the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that it would be unduly harsh to sentence the defendant for a felony, *the court* may enter judgment of conviction for a class 1 misdemeanor and make disposition accordingly or *may place the defendant on probation in accordance with chapter 9 of this title and refrain from designating the offense as a felony or misdemeanor until the probation is terminated. The offense shall be treated as a felony for all purposes until such time as the court may actually enter an order designating the offense as a misdemeanor.*

(Emphasis added.)

The trial judge followed the statutory procedure emphasized above. He refrained from designating the offense and imposed intensive probation of three years, the maximum allowed for a class 6 felony, as set out in chapter 9 of title 13 and A.R.S. § 13–902.A.2. The judge specified that the probation was intensive, *see* A.R.S. § 13–914, and, as a condition of intensive probation, ordered shock incarceration for a period of 120 days, plus a screening period of up to 45 days. A.R.S. § 13–915.A. Finally, he ordered defendant to remain in the county jail for not more than 30 days until the eligibility screening occurred. These time periods fall within the permissible one year of incarceration authorized as a condition of felony probation. A.R.S. § 13–901.F.

## II.

Defendant argues that the court was constrained by the six-month maximum jail sentence for class 1 misdemeanors, *see* A.R.S. § 13–707.A.1, because, if the court ultimately designated the offense a misdemeanor, defendant would have served a sentence of more than six months. Defendant claims no textual support for his argument from any statutory language. In fact, his argument is directly contradicted by the language of A.R.S. § 13–702.H, which requires that the offense "be treated as a felony for all purposes until such time as the court may actually enter an order designating the offense a misdemeanor." *Cf. State v. Winton*, 153 Ariz. 302, 306, 736 P.2d 386, 390 (App.1987) (in light of statutory language, probation under A.R.S. § 13–702.H is a felony probation if the offense has not been designated a misdemeanor).

In *State v. Risher*, 117 Ariz. 587, 574 P.2d 453 (1978), the supreme court considered an analogous issue. The question there was whether the court could place a defendant convicted of an "open-end" offense under a prior statute on probation for a period of time longer than the maximum sentence for a misdemeanor and still designate the offense a misdemeanor upon the defendant's successful completion of the probationary period. The defendant argued that the court could not impose a felony period of probation, as that amounted to a premature designation of the offense as a felony. The supreme court rejected the argument, adopting the reasoning of the dissent in the court of appeals:

> [The statute governing probation] operates to do nothing more than fix a maximum period for which the defendant must remain under probation supervision. While the *measure* of this period is established by the potential felony imprisonment which could be imposed, it bears no closer relationship to an actual sentence. To say that the fixing of the probationary term designates the crime as a felony and at the same time eliminates the possibility of a future misdemeanor sentence and possible incarceration in the county jail as punishment goes beyond the words of [the statute] as amended.

117 Ariz. at 589, 574 P.2d at 455, quoting *State v. Risher*, 117 Ariz. 594, 598, 574 P.2d 460, 464 (App.1977) (Froeb, J., dissenting) (emphasis in the original). In this case, the trial court acted similarly: as a condition of probation, it specified a period of potential incarceration consistent with a felony probation, while leaving open the possible future designation of the offense as a misdemeanor. We find no error.

 In his reply brief, defendant also argues that the court's decision to impose more than six months' incarceration rendered his plea agreement illusory. Defendant's argument is not properly before this court because he raised it for the first time in his reply brief. *State v. Cannon*, 148 Ariz. 72, 713 P.2d 273 (1985). Moreover, if defendant wishes to challenge the validity of his plea agreement on this basis, he must pursue the matter in proceedings brought pursuant to Rule 32, Arizona Rules of Criminal Procedure. *See, e.g., State v. Crowder*, 155 Ariz. 477, 747 P.2d 1176 (1987).

### III.

Because the class 6 undesignated offense for which defendant received probation is treated as a felony unless and until designated a misdemeanor, A.R.S. § 13–702.H, defendant's term of incarceration was not limited by the maximum misdemeanor sentence of six months.

This court, pursuant to A.R.S. § 13–4035, has fully reviewed the record and finds the appeal to be without merit. We affirm the conviction and the sentence imposed.

LANKFORD, J., and LEVI RAY HAIRE, J., Retired, concur.

NOTE: The Honorable LEVI RAY HAIRE was authorized to participate in this appeal by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. 6, § 20 and A.R.S. § 38–813.